# ABRAHAM F. CROSKEY *et al.*

*v.*

# THE NORTHWESTERN MANUFACTURING COMPANY.

1. MECHANIC'S LIEN—*in proceedings to enforce—the evidence must be preserved in the record.* This court has repeatedly said, that in suits to enforce a mechanic's lien, the evidence must be preserved in the record, otherwise, this court will presume that the court below decreed properly as to the amount and the relative priority of the different liens.

2. SAME—*the rule of adjustment.* The rule for adjusting the different rights of parties holding separate liens upon property, which is sought to be subjected to the payment of a mechanic's lien, is, that an incumbrance anterior to the mechanic's lien, takes priority over it, to the extent of the value of the property at the time the mechanic's lien attached, and the mechanic's lien takes priority over the mortgage only to the extent of the additional value given to the property by the improvements.

3. SAME—*decree may direct a sale of the premises in fee.* And in such suits the decree may direct a sale of the premises in fee, notwithstanding the mortgage may not then be due, and if such mortgage has the prior lien, it retains its priority to the extent of the value of the property at the time the mechanic's lien attached, this security being given by statute.

4. SAME—*definition of the term "land," used in the act relative to mechanic's liens.* The term "land," used in the 20th section of the act in relation to mechanic's liens, means, the land, with such improvements as there are upon it, at the time of the execution of the mortgage.

5. SAME—*evidence as to the value of the property may be taken after the decree of sale.* And in such cases, it is not error for the court to decree a sale of the property, and then direct the master to take evidence and report to the court the comparative value of the land and improvements at the time of the sale, such value being determined in reference to the day of sale. Evidence after the sale would be more satisfactory.

6. FORMER DECISIONS. The cases of *Smith* v. *Moore,* 26 Ill. 396; *Raymond* v. *Ewing,* ib. 343, and the *North Presbyterian Church of Chicago* v. *Jevne,* 32 ib. 219, cited and considered.

WRIT OF ERROR to the Superior Court of Chicago.

The opinion states the case.

61—48TH ILL.

482          CROSKEY *et al. v.* N. W. M. Co.          [Sept. T.,

Opinion of the Court.

Mr. A. C. STORY, for the plaintiff in error.

Messrs. WAITE & CLARKE, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a petition to establish a mechanic's lien, brought by the defendants in error, against Croskey, as the owner of the fee, to whom the materials were furnished on account of which the lien accrued, and against certain other parties as mortgagees, judgment creditors, or subsequent purchasers. A decree was rendered, directing the sale of the premises, and establishing the relative order of the liens. The evidence has not been preserved in the record, and we must therefore presume, in accordance with former decisions of this court under this statute, that the court below has decreed properly in reference to the amount and the relative priority of the different liens. The decree permits any of the defendants to pay the amount of the complainant's lien, and provides that, in default thereof, so much of the premises shall be sold as may be necessary for the payment of said lien. It further provides, that the master shall take testimony and report to the court the relative value of the land and the improvements at the time of sale, and that he shall bring the proceeds of sale into court, to be distributed according to the respective priorities of the liens, the court first determining the relative value of the lands and the improvements.

Some of the defendants were mortgagees for large sums of money not yet due, and it is urged that the decree should have been for the sale only of such interest as Croskey had in the premises at the time he procured the materials on account of which the lien is claimed by the complainants, and that it is unjust both to mortgagor and mortgagee, in cases of this character, to direct a sale of the premises in fee, and thus, in effect, foreclose the mortgage before it is due. That the statute

in this respect may be unwise is very possible, but, nevertheless, its provisions are very plain, and they have received from this court a uniform construction. A mortgagee takes his mortgage subject to the happening of this contingency under this statute. The statute, however, guards the security of the mortgagee by providing that, where he has the prior lien, it shall retain its priority, and shall be preferred to the extent of the value of the land at the time the contract is made with the mechanic or material man. By the term "land," in this section of the statute, must, of course, be meant the land with such improvements as there are upon it at the time of the execution of the mortgage. If, for example, the owner of unencumbered realty, with a building upon it, executes a mortgage thereon, and afterwards has repairs made upon the building, for which a mechanic's lien is enforced, such lien would take priority over the mortgage only to the extent of the additional value given to the property by the improvements. Thus, if, to a house and lot worth fifteen thousand dollars, and subject to a mortgage, additions or improvements are made by the mortgagor in such mode as to make the premises worth eighteen thousand dollars, the mechanics and material men engaged in making these improvements would have a prior lien to the extent of three-eighteenths of the proceeds of the sale, and the increased market value added to the property would measure the extent of the priority of their lien, without reference to the cost of the materials or labor actually furnished. To hold, in a case of that kind, that their priority of lien attached to the entire building, which may have constituted the bulk of the value of the property when the mortgage was given, and the value of which may have been but slightly increased by the improvements, would be to destroy the lien of a prior mortgagee in a mode that can not be conceded to have been within the intent or the power of the legislature. This was the view taken in *Smith* v. *Moore*, 26 Ill. 396, where the court said, "the person holding the

prior lien must look alone to the property as it was before the mechanic's or material man's lien attached, and they must look to the improvements and materials, unless the proceeds of the sale are sufficient to satisfy both." So, in *Raymond* v. *Ewing*, ib. 343, the court said, "the deed of trust constituted a first lien on the premises and improvements thereon at the time the trust deed was recorded; but the statute gives the mechanics and material men liens, paramount to the trust deed, upon the improvements made by them upon the premises, and the court should have ascertained, by reference or otherwise, the value of these improvements as compared with the whole value of the premises." In the case of the *North Presbyterian Church of Chicago* v. *Jevne*, 32 Ill. 219, when the court speaks of the land and the building, reference is evidently had to the building erected by the mechanics who were establishing the lien.

In the case before us, the court, probably from inadvertence, has given the complainants a prior lien upon all the buildings and improvements upon the lot, although it is quite evident, from the bill, that they had merely furnished materials for the improvement of a building already upon the ground. The decree, after thus establishing the extent of the lien, directs the master to make the sale, and to take evidence and report to the court the comparative value of the land and the improvements at the time of the sale. It is objected, that this evidence should have been taken before rendering the decree of sale, but we see no good reason for not allowing the master to take the evidence after the sale, and on some accounts the inquiry at that time would be more satisfactory, the comparative values being determined in reference to the day of sale. But the decree is faulty in not determining the relative priority of the liens, with reference to the improvements, with more precision. The court should have ascertained at what time the improvements were commenced for which the materials of complainants were furnished, and should have given

to the prior mortgagees a paramount lien on the property as it stood when such improvements were commenced, and to the complainants a paramount lien on the improvements towards which they furnished materials, and should have directed the master to inquire into the comparative value of the property before and after the improvements were made.

We find no other error in the record, but the decree must be reversed so far as relates to the extent to which the complainants have a prior lien, and the court will hear further evidence for the purpose of fixing the date when the improvements were commenced for which the complainants furnished materials, and will give the master more specific instructions, and for this purpose the cause is remanded.

*Decree modified.*