# EDMUND L. HOWETT

### v.

# NICHOLAS SELBY et al.

1. MECHANIC'S LIEN—*rule of adjustment, as respects prior incumbrancers.* In a proceeding to enforce a mechanic's lien, to which a prior mortgagee was made a party defendant, the court found the proportion of the value of the premises at the time of the decree, which was added thereto by reason of the improvements out of which the mechanic's lien arose, and then directed that out of the proceeds of a sale of the premises the proportion thereof, so ascertained, which would arise from the land without the improvements, should be first applied on the mortgage, and the proportion arising from the enhanced value on account of the improvements should be paid on the mechanic's lien; and any surplus of the latter fund to be applied to satisfy any balance due on the mortgage: *Held*, as between the mortgagee and the mechanics, the decree was in conformity with the rule laid down in *Crosby* v. *N. W. Manufac. Co.* 48 Ill. 481.

2. CROSS BILL—*necessity thereof—relief on answer.* And where the prior mortgagee in such case also claimed to have furnished materials for the improvements, it was proper that his claim should be postponed to that of the mechanic who had filed his petition, as the mortgagee did not make his claim in his cross bill, but only in his answer.

WRIT OF ERROR to the Circuit Court of Clay county; the Hon. RICHARD S. CANBY, Judge, presiding.

On the sixteenth of October, 1868, Edmund L. Howett conveyed to Robert Hall a certain lot of ground in the town of Flora, Illinois, for a consideration of $1900, taking a mortgage on the premises to secure the payment of the purchase money. Subsequently to the purchase, and execution of said mortgage, Hall made improvements on the premises, and various mechanics' liens attached therefor, and proceedings were commenced to enforce them, Howett being made a party defendant. Howett answered, setting up his mortgage, and also claiming seventy-three dollars, for materials furnished by him and used in the improvements. He also set up his mortgage in a cross bill.

Hall made default, and the court, after hearing the proofs, found that seven twenty-fifths of the present value of the premises was the increased value on account of the improvements, for which the liens attached, since the execution of the mortgage, and ordered that the premises be sold, and that eighteen twenty-fifths of the proceeds of sale be first applied in payment of the mortgage, and that seven twenty-fifths of the proceeds be applied in payment of said liens, and that any surplus of said seven twenty-fifths of said proceeds, after discharging said liens, be applied first, on any balance due on said mortgage, and then in satisfaction of Howett's claim for materials furnished by him, the remainder, if any, to be paid to Hall. To reverse this decree, Howett brings the record to this court.

Mr. W. B. COOPER and Mr. B. B. SMITH, for the plaintiff in error.

Mr. RUFUS COPE and Mr. S. A. BOYLES, for the defendants in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

As between the mortgagee, Howett, and the mechanics in this case, the court decreed in conformity with the rule laid down in *Crosby* v. *N. W. Manuf. Co.* 48 Ill. 481, and in previous cases. As to the seventy-three dollars claimed by Howett for materials furnished, he can not complain that this claim was postponed to that of the mechanics who had filed their petitions, since he does not make this claim in his cross bill, and only sets it up in his answer. We find no error in the record.

*Decree affirmed.*