## EPHRAIM JENNINGS

*v.*

## BENSON O. HINKLE *et al.*

1. PARTY—*mechanic's lien.* Where a corporation, with whom a contract was made for materials with which to erect a building, ceases to exist, as, a church, and it becomes disorganized, it is not necessary to make such body a defendant on petition to establish and enforce a mechanic's lien.

2. CHANCERY—*preserving evidence.* The practice has never obtained, in suits to enforce mechanic's liens, to preserve the evidence in the record as necessary to support the decree.

3. SAME—*effect of finding in decree.* Where a decree finds all the material facts alleged in a bill or petition to be true, a party complaining that the proof does not justify the finding, should preserve the evidence in the record, or it will be presumed it warranted the finding.

4. LIMITATION—*mechanic's lien.* As between a mechanic or materialman and the principal debtor, the limitation clause in the statute relating to mechanics' liens has no application.

WRIT OF ERROR to the Circuit Court of Cumberland county; the Hon. J. C. ALLEN, Judge, presiding.

Messrs. MOULTON, CHAFFEE & HEADEN, for the plaintiff in error.

Mr. O. B. FICKLIN, and Mr. JAMES W. CRAIG, for the defendants in error.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

Petitioners show they entered into a verbal contract with the First Missionary Baptist Church to furnish materials to the value of $342.88, to be used in a church edifice to be erected on the premises described, which sum was to be paid them, with interest at the rate of 10 per cent per annum from the time the materials should be delivered; that, in pursuance of that contract, they did furnish materials to that value; that the same were used in the church building; that the society failed to pay for the materials so delivered, or any part thereof; that the religious society known by that name with whom they contracted, have become disorganized, and that at the time of filing the petition there was no such organization. Defendant was made a party, and it was charged he claimed some interest in the premises.

The principal allegations of the petition are neither admitted nor denied in the answer of defendant. He alleges, however, that he proposed to donate to the church the lot on which the building was to be erected, upon condition the church would erect and maintain thereon a house of worship, which condition was accepted by the trustees, and that it was further agreed he should make and deliver to J. M. Wright a deed for the lot, to be delivered to the trustees when the building was completed, and that the deed was so made and delivered to Wright. It is also alleged the contingency upon which the deed was to be delivered never happened—that is, the church building was never fully completed.

The cause was heard on bill, answer and proofs, and the court found all the principal allegations in the petition which establish petitioner's right to relief, to have been proven.

One objection taken is, that the First Missionary Baptist

Church, with which the contract was made, was not made a party defendant. It is a sufficient answer, that there is now no such organization. The corporation, if one ever existed, is civilly dead. But it is said there was no proof offered that the church organization has now no existence. We can not know whether there was or not. The court has found, in the decree, it was "disorganized," and it is for the party complaining of the decree to preserve the evidence. It was always competent to hear oral testimony in such cases, and we will presume the finding was warranted, unless the contrary appears from the evidence in the record. The practice has never obtained, in this class of cases, of preserving the evidence in the record as necessary to support the decree. *Kidder* v. *Aholtz*, 36 Ill. 478; *Croskey* v. *The Northwestern Manufacturing Co.* 48 Ill. 481.

The court has found the building had been erected, and all other material allegations upon which to base a decree in favor of petitioners for the relief sought. No evidence has been preserved in the record, and we must presume, in accordance with our previous decisions, the court found correctly.

Surely defendant has no equities superior to what the church would have had, if it had continued to exist. He stands in its shoes. The building was erected with his knowledge, and by his procurement. According to the finding of the court, the contingency had happened upon which the deed was to be delivered.

It is apprehended that, as between the mechanic or material-man and the principal debtor, the limitation clause of the statute has no application. *Van Pelt* v. *Danforth et al.* 58 Ill. 145.

The decree will be affirmed.

*Decree affirmed.*