LIZZIE R. SHOPE

*v.*

EMIL SCHAFFNER.

*Filed at Mt. Vernon March 28, 1892.*

1. DOWER—*in land mortgaged before marriage.* A widow, under the statute, is entitled to dower in land mortgaged by her husband before marriage, as against every one except the mortgagee or those claiming under the mortgage. She will be entitled to dower as against the purchaser of the mortgaged premises at the administrator's sale, he occupying the same position as a purchaser from her husband.

2. SAME—*foreclosure after death of mortgagor—extinguishment of dower.* Where a wife joins with her husband in the execution of a mortgage of his land, in which her dower is released, a foreclosure and sale of the property after the death of the husband will pass all the wife's rights therein to the purchaser, and after the time of redemption has expired her dower will be extinguished.

3. CHANCERY PRACTICE—*preserving evidence—presumptions in support of decree.* Where the evidence introduced on the hearing of a bill in chancery is not preserved in the record, by certificate of evidence or otherwise, it will be presumed that it warranted the finding of facts in the decree.

WRIT OF ERROR to the Circuit Court of Randolph county; the Hon. AMOS WATTS, Judge, presiding.

Mr. H. CLAY HORNER, for the plaintiff in error:

The purchaser of mortgaged land at an administrator's sale steps into the shoes of the intestate mortgagor, and it becomes his duty to pay the mortgage and leave the widow's dower intact. 4 Kent's Com. 46, note 1; *Peckham* v. *Hawden*, 8 R. I. 160; *Wedge* v. *Moore*, 6 Cush. 8; *McCabe* v. *Swop*, 14 Allen, 188.

Where land is conveyed subject to mortgage, the amount of which is retained by the purchaser from the price, there is an implied promise on the purchaser's part to indemnify the grantor against the mortgage. *Comstock* v. *Hitt*, 37 Ill. 548; *Fowler* v. *Fay*, 62 id. 375; *Dean* v. *Walker*, 107 id. 544.

These cases, of course, only bear on our right to dower without distribution. We need cite no authority on our right to dower under section 3 of the Dower act. In any view, the decree is palpably erroneous.

Error lies from this court to the circuit court direct. *Walker v. Doane*, 131 Ill. 28.

Messrs. Hartzell & Sprigg, for the defendant in error:

Plaintiff in error has no claim to dower in the land mortgaged by her former husband before the marriage with him.

Mr. Justice Craig delivered the opinion of the Court:

Emil Schaffner, the defendant in error, purchased certain lands in Randolph county at administrator's sale, which belonged to the estate of E. M. Been, deceased. The lands were sold subject to the homestead and dower rights of Lizzie R. Shope, the widow of E. M. Been, deceased, and also subject to certain mortgages. After the purchase of the lands Emil Schaffner filed this bill to set off homestead and dower to Lizzie R. Shope, the plaintiff in error. The cause was heard on the pleadings and evidence introduced on the hearing, and the court decreed the plaintiff in error homestead in a part of the lands and dower in certain of the lands, but refused to decree dower in two certain tracts of land, which will be more particularly described hereafter.

It appears from the finding of facts as recited in the decree, that on the 30th of December, 1864, E. M. Been, and Phebe C. Been, his then wife, mortgaged to one John L. Edwards the north-east quarter of the north-east quarter, and the north-east quarter of the south-east quarter, of section 4, township 5, south, range 7, west. The decree also finds, that on the 10th day of October, 1884, E. M. Been, and Lizzie R. Been, his wife, mortgaged to David Ohlwine the south-west quarter of the south-west quarter of section 34, township 4, south, range 7, west. The decree also finds, that the mortgage of E. M.

Been and Lizzie R. Been to David Ohlwine, for the south-west quarter of the south-west quarter of section 34, township 4, south, range 7, west, was foreclosed at the March term, 1886, of the Randolph county circuit court, and on the 28th. day of May, 1886, the same was sold to the said David Ohl-wine, by the master in chancery, for the sum of $300, and that said Ohlwine or his assignee now holds the certificate of purchase, or has taken a deed for the land. The decree further finds, that by reason of the said outstanding mortgage to the said John L. Edwards, and the decree of foreclosure and sale, under the same, of the said mortgage to the said David Ohlwine, and neither having been paid or redeemed before or since the death of the said E. M. Been, the said defendant,. Lizzie R. Been, has no right of homestead or dower or any other interest in the north-east quarter of the north-east quar-ter, and the north-east quarter of the south-east quarter, of section 4, township 5, south, range 7, west, and the south-west quarter of the south-west quarter of section 34, township 4, south, range 7, west.

The evidence introduced on the hearing has not been pre-served in the record, by certificate of evidence or otherwise. It will therefore be presumed, in the absence of the evidence from the record, that the evidence heard by the court war-ranted the finding in the decree. *Jennings* v. *Hinkle*, 81 Ill. 183; *Davis* v. *American and Foreign Christian Union*, 100 id.. 313; id. 569.

It will be observed that the mortgage on the forty-acre tract, executed by Been and his wife to Ohlwine, has been foreclosed, the land sold, and the time for redemption has expired. As to this tract, therefore, whatever dower rights the plaintiff in error had therein have passed to the purchaser under the foreclosure decree. She executed the mortgage with her hus-band, and the foreclosure and sale under the decree passed all right and title which plaintiff in error ever had in the land. If the land had been redeemed from the foreclosure sale, the

plaintiff in error might be entitled to dower; but the finding of the court shows that no redemption was made, and this finding has not been overcome by any testimony.

The other lands,—the north-east quarter of the north-east quarter, and the north-east quarter of the south-east quarter, of section 4, township 5, range 7, west,—however, stand upon a different footing. These lands, Been, and a wife by a former marriage, mortgaged to John L. Edwards. Been's wife, who joined in the execution of the mortgage, died, and he subsequently married plaintiff in error. The mortgage, as appears from the record, remains unpaid, and in full force and effect; but no steps, so far. as appears, have ever been taken to foreclose it. Under the facts, plaintiff in error would seem to fall within the terms of section 3, chapter 41, of the Revised Statutes of 1874, which provides: "Where a person seized of an estate of inheritance in land shall have executed a mortgage of such estate before marriage, the surviving husband or wife of such person shall nevertheless be entitled to dower out of the lands mortgaged, as against every person except the mortgagee and those claiming under him." Been executed a mortgage on the lands and afterwards married plaintiff in error, and subsequently died. Upon his death, under the plain language of the statute, she would be entitled to dower in the lands against all persons except the mortgagee and those claiming under him. Here, the mortgage has never been foreclosed. Neither the mortgagee, nor any person claiming under him, is asserting title to the lands. The defendant in error, who filed this bill for the purpose of having dower assigned, is a purchaser under an administrator's sale. He occupies the position of a purchaser from Been, and as he does not claim under the Edwards mortgage, and is in no manner connected with it, he can not insist that plaintiff in error is barred of dower on account of the mortgage. If the mortgage had been foreclosed, the mortgaged premises sold, and a title acquired under the mortgage sale, that would bar

all dower rights of the plaintiff in error; but no such case is made by this record.    The mortgage lien of Edwards may never ripen into a title.    It may be paid, or extinguished in some other mode; but however that may be, the right of dower of plaintiff in error will not be cut off or extinguished until the mortgagee, or some one under him, acquires title to the premises under the mortgage.

From what has been said, we are of opinion that the court erred in denying dower to plaintiff in error in the lands described in the Edwards mortgage,—the north-east quarter of the north-east quarter, and the north-east quarter of the south-east quarter, of section 4, township 5, south, range 7, west. In this respect the decree will be reversed and the cause will be remanded; in other respects it will be affirmed.

*Decree reversed in part and in part affirmed.*