The judgment of the City Court of Alton is reversed and the cause remanded.

## City of Salem v. The Lane & Bodley Co.

1. APPELLATE COURT PRACTICE—*Insufficient Abstracts.*—A party can not impose on the court the labor of reading the record by finding fault with the abstract filed, and grumbling about it does not present any question for the action of the court.

2. SAME—*When the Case is Heard by the Court Below on Oral Testimony.*—Where a case is heard by the chancellor on oral testimony a reversal is not authorized unless the error in the findings of the trial court as to the facts is clear and palpable.

3. SAME—*Where the Certificate of Evidence Does Not Purport to Contain all the Evidence.*—Where a decree contains a recital of facts which supports its findings, and the certificate of evidence does not purport to contain all the evidence, it will be presumed that the court heard other evidence sufficient to support the decree.

4. MECHANIC'S LIENS—*Do Not Attach to City Property.*—The property of a municipal corporation can not be sold to satisfy a mechanic's lien.

Bill for a Mechanic's Lien.—Appeal from the Circuit Court of Marion County; the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the February term, 1900. Affirmed. Opinion filed September 8, 1900.

GEORGE W. SMITH and L. M. KAGY, attorneys for appellant.

VAN HOOREBEKE & LOUDEN, and FRANK F. NOLEMAN, attorneys for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

This is a suit in chancery commenced in the Marion County Circuit Court, for a mechanic's lien, and relief,

against T. C. Reed and William Van Kirk, partners under the firm name of T. C. Reed & Co., the City of Salem, J. H. Vawter, John Leini, J. E. Martin and Thomas S. Marshall. A demurrer was filed to the bill by Vawter, Leini, Martin and Marshall, and sustained by the court. Van Kirk failed to answer and was defaulted. T. C. Reed and the City of Salem filed separate answers. Replications were filed and a trial had, which resulted in a decree in favor of complainants for $1,432.50 and costs of suit, etc., also $50 as a solicitor's fee for complainant's solicitor, to be paid in five months, and in default of such payment that the master shall sell the real estate described in the bill, etc., etc.

An appeal is prosecuted from this decree by the City of Salem only. Counsel for appellee say in their brief:

" Before proceeding to a brief statement of the facts as they appear in the record of this case, we will say that the abstract is very incomplete. * * * We do not see how the court can intelligently consider the case without referring to the record. As we have not sufficient time to print an additional abstract, we will ask the court to examine the original record, to which we may refer in argument."

This is no excuse for attempting to unload an examination of a voluminous record upon the court, that could be obviated by presenting a sufficient abstract. The rules of this court provide how an imperfect abstract may be supplemented. The attention of counsel is commended to the opinion of Judge Cartwright in Hand v. Waddell, 167 Ill. 405.

" A party can not impose upon the court the labor of reading the record by finding fault with the abstract filed, and grumbling about it does not present any question for the action of the court."

The case was heard by the chancellor on oral testimony, with exhibits presented in open court. " In such cases a reversal is not authorized unless the error in the findings of the court below as to the facts is clear and palpable." Burgett v. Osborn, 172 Ill. 238.

In addition to this, the decree contains a recital of facts

which supports its findings and decretal order. What purports to be a certificate of evidence does not show or purport to show that it contains all the evidence. In such cases it has been repeatedly held that it will be presumed that the court heard other evidence sufficient to support the decree. Brown v. Miner, 128 Ill. 156; Groenendyke v. Coffeen, 109 Ill. 325; Allen v. LeMoyne, 102 Ill. 25; Shope v. Schaffner, 140 Ill. 470.

We have, however, examined the record, and from such examination are satisfied with the conclusions of the chancellor. The case presented, as we construe the contract, is in substance as follows: T. C. Reed and William Van Kirk, partners under the firm name of T. C. Reed & Co., on September 7, 1898, submitted a written proposition to the city of Salem to furnish and erect in the city of Salem, a complete electric light plant, in accordance with plans and specifications, for the sum of $9,000. When completed and tested, if satisfactory, it was to be accepted by said city, and paid for by its issuing $3,000 in bonds, and $6,000 in six equal notes, payable annually, or by issuing the whole sum of $9,000 in bonds if the city so elected.

When fully paid for, Reed & Co. were to convey in fee simple, free of incumbrances, the electric light plant and " all the real estate upon which the same may be located," etc.

Appellant, the City of Salem, on September 7, 1898, accepted this proposition, and Reed & Co. erected the plant upon real estate bought from W. B. Wilson. The deed, dated November 7, 1898, and recorded December 29, 1898, was made to Thomas S. Marshall, a banker in Salem. Marshall testified as a witness for appellant that the deed was made to him because he was furnishing money to pay for the land and also furnishing Reed money to pay for labor, poles, etc.; that he was acting in his individual capacity; that he deeded the real estate to Reed, February 17, 1899, the consideration being expressed in the deed as $2,500, that being about the amount he thought he advanced to Reed. He was asked:

Q. You may state why you deeded the property to Mr. Reed instead of the city? A. Mr. Reed was turning the property over to the city under the contract, and I was not known to the city in the matter, and deeded it to Mr. Reed for him to turn over to the city.

Reed also testified that Marshall advanced the money for him.

Marshall, at the time of testifying, was mayor of the city.

The date of Marshall's deed to Reed was February 17, 1899, the day after the city accepted the plant, and on the same day Reed deeded to the city. While the evidence of the committee acting for the city, and of Reed, is to the effect that the land was bought for the city, we think that it is overcome by the language of the contract, and by the evidence of Marshall and the deeds introduced in evidence. The city advanced no money to pay for the land, and if it had not accepted the plant and the deeds conveying it, the city would have had no title to it whatever. It required the affirmative act of acceptance on their part to give them any rights under the contract. If Marshall's testimony is true, he held the title as trustee, to secure him for money advanced to Reed. He had no claim against the city for the $2,500 which he testifies he advanced to Reed, and held the title until he was paid this amount, or, which was the same in legal effect, retained this amount out of the bonds turned over to him by the city, to pay Reed for the plant. The ownership of the land is the issue upon which this case turns. If the city owned it when appellee contracted to supply the engine to Reed & Co., a mechanic's lien can not be enforced by selling city property. If Reed & Co. owned it when the engine was contracted for and furnished, a mechanic's lien does attach and the city acquired the plant subject to the lien.

The contract for the engine furnished by appellee, which went into the plant, was made with Reed & Co., October 28, 1898; the engine was shipped December 10, 1898, and delivered December 21st. It was to be paid for upon the completion and acceptance of the plant. On the 27th of

January, 1899, appellee served a written notice on Kiep, the mayor of the city of Salem, which notice was read in the council, that there was due $1,462.75 on the engine, less $39 freight, which was asked to be withheld from Reed & Co. On the 16th of February, the plant was inspected and accepted by appellant. On the 17th of February, the bonds were formally turned over to the bank of which Marshall was cashier, to pay for the plant. Appellee presented its claim to Marshall by drawing on him, but he declined to honor the draft, upon the ground that he did not know whether the funds would be sufficient to pay all the bills. It appears that he had received two and one-half per cent commission upon bills that he paid, claiming that this was given him for guaranteeing their payment. Appellee declined to pay him any commission. All other bills, excepting two amounting to something over $285, were paid. As suit was brought within four months after the claim of appellees became due, it is not important to determine whether or not the notice was in due form or duly served. Appellant then had notice before its bonds were turned over to Marshall and used in payment for the plant, that appellee had not been paid for the engine.

Sec. 9 of Chap. 82, Hurd, p. 1106, provides that suit must be brought or notice filed within four months after the last payment is due. As the suit was commenced within four months after payment was due, the question of notice is not material.

We conclude, then, that Reed had an equitable title to the land from the date of Wilson's deed to Marshall, and the legal title after the payment to Marshall and the execution of Marshall's deed; that having such title, the lien of the Lane & Bodley Company, petitioner in this case, attached before the conveyance by Reed to the city; and that the city took subject to the lien.

The charge of $50 for the services of the erector and the allowance of an attorney's fee, were properly included in the decree.

Under the presumption that the findings of fact in the decree are correct, warranted by the absence of a sufficient

certificate of evidence, and the further fact that the testimony was heard in open court, and from an examination of the record itself, as presented, we conclude that substantial justice is done by the decree, and that no material error appears. The decree and judgment is therefore affirmed.