RICHARD HOLMES & others *vs.* JOHN E. HUMPHREYS.

Suffolk.    March 4, 1902. — April 2, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Mechanic's Lien*, Enforcement of bond to dissolve lien, parties. *Practice, Civil*, Parties.

The respondent to a petition to enforce a mechanic's lien filed a bond signed by himself as principal and by three sureties, to dissolve the lien under the provisions of Pub. Sts. c. 191, §§ 42, 43. Later he conveyed away all his interest in the real estate which had been subject to the lien. He then died intestate and the administrator of his estate filed a final account, which was allowed, by which it appeared that there were no assets. Later the administrator died. Nine years after the filing of the original petition, a motion was made that the present owners of the real estate, the sureties on the bond and the heirs at law of the respondent be summoned in to take on themselves the defence of the suit. This motion was allowed only as to the heirs at law, who appeared and answered. The case was reported to this court on the question whether the case was ripe for further proceedings without summoning other parties as respondents. *Held*, that the proceedings must be stayed until the proper parties had been summoned to appear and defend ; that the case should then proceed for the purpose of enforcing the judgment obtained by a suit on the bond, and that the principal and sureties on the bond stood in the place that would have been held by the heirs and assignees of the original respondent if the lien had not been discharged by giving the bond ; therefore that the heirs at law and the present owners of the real estate had no interest in the suit, which should be against the administrator of the principal and the sureties on the bond. *Whether*, the estate of the principal having been without assets and finally settled and the administrator being dead, if an administrator *de bonis non* could not be appointed, the case might proceed against the sureties alone when made parties, was not before the court and therefore not passed upon.

KNOWLTON, J.  This is a petition to enforce a mechanic's lien upon land and a building for labor and materials furnished in the erection of the building.  The petition was filed on March 7, 1891, the certificate having been filed on January 7, 1891.  On February 9, 1891, a bond was filed in the registry of deeds, signed by the respondent Humphreys as principal, with three sureties, to dissolve the lien in accordance with the provisions of the R. L. c. 197, § 28, then found in the Pub. Sts. c. 191, §§ 42, 43.  The condition of this bond is to pay the petitioners within thirty days after final judgment, $35,000, or so much thereof as may be necessary to satisfy the amount for

which the property may be found to be subject to such lien. On May 12, 1891, the respondent conveyed away all his right, title and interest in the real estate aforesaid, and on the same day he died intestate, leaving as his next of kin three children living in the State of Illinois, and no heirs or next of kin within this Commonwealth. On October 26, 1892, the public administrator for the county of Norfolk was duly appointed administrator of his estate, and on November 21, 1894, the administrator's final account was allowed, by which it appeared that there were no assets. On January 20, 1898, the administrator died.

On August 2, 1893, a suggestion of the death of the respondent was filed in this case, and no further proceedings were taken until March 26, 1900, when a motion was made that the present owners of the real estate, the sureties on the above-mentioned bond, and the heirs at law of the respondent, be summoned to appear and take on themselves the defence of the suit. The motion was allowed as to the heirs at law, and denied as to the owners of the real estate and the sureties on the bond. The heirs at law appeared and answered, and a motion was then made to refer the case to an auditor. The judge found that the case was of such a kind as should be heard by an auditor, and ruled that proper parties were before the court for further proceedings by the petitioners to obtain judgment, and reported to this court the question whether the case is now ripe for further proceedings without summoning other parties as respondents.

The attorney for the sureties upon the bond has argued before us as *amicus curiæ* that the respondent's heirs at law are not proper parties to represent the interests of those whom the petitioners seek to hold liable. The real estate was conveyed away by the respondent in his lifetime, his estate has been duly settled by the public administrator, no assets passed to his heirs, and so far as appears they have no interest to defend the suit. Since the lien was dissolved by giving a bond, the real estate has been free from that incumbrance, and the persons to whom it was conveyed cannot be affected by the proceedings in this case. The only persons interested to defend the suit are the sureties on the bond. The bond, under the statute, stands in the place of the real estate as security for the petitioners' claim. The case should proceed to trial and judgment in the usual way, for

the purpose of enforcing the judgment by a suit on the bond, instead of by a sale of the land. In suits to enforce a claim for a mechanic's lien, two interests properly are represented in defence; first the interest of the person primarily liable for the debt sought to be collected, and secondly the interest of the owners of the property upon which the lien is claimed. The statute which is invoked by the petitioners is R. L. c. 197, § 22, which provides that on the death of the respondent in a case like this, the petition " may be prosecuted against his executor, administrator, heirs or assigns as if the estate or interest had been mortgaged to secure the debt." The petitioners contend that the petition may be prosecuted against any of these parties, and that therefore the case may go on against the heirs alone, although they have no possible interest in it. The true meaning of the provision is, as we understand it, that the petition may be prosecuted against such of the parties mentioned as properly represent the interest to be affected. In a case like the present there is no doubt that the executor or administrator is a proper person to be summoned in as respondent. He represents the primary liability for the debt and he should have an opportunity to defend the suit. Inasmuch as the bond stands in the place of the land, he also, as principal, represents the security to be affected if the lien is established. In both relations he is interested, and he should be summoned to appear. The principal and sureties on the bond stand in the place that would be held by the heirs or assigns if the lien had not been discharged. In that relation, not as representing the primary liability for the debt, but as representing the security which is to be used to pay the debt if the lien is established, we are of opinion that they should have an opportunity to be heard as to the validity of the lien, and that at least in the absence of the administrator as a party, the sureties should be summoned before the suit can proceed further. Whether facts exist which make it possible to procure the appointment of an administrator *de bonis non* who can be summoned into court, we do not know; if not, and if on this account the petitioners were to lose their claim, it would be the result of their own negligence in allowing so many years to elapse without action. It may be, but upon this we express no opinion, for the matter is not now before us for adjudication,

that as there were no assets in the estate of the respondent, and as his estate has been settled and his administrator has deceased, and no interest of his estate can now be affected by an adjudication either upon his primary liability upon the debt or upon his secondary liability as principal in the bond, that the case may properly go on against the sureties alone, if they are brought into court as parties. The ruling that the suit was ripe for further proceedings without other parties was erroneous. The proceedings must be stayed until all necessary parties have been summoned to appear and defend.

*So ordered.*

*G. P. Wardner*, for the petitioners.

*T. Hunt*, for the owners of the property and the sureties on the bond.