CHARLES E. HUBBARD, petitioner.

Norfolk.   December 18, 1903. — January 7, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Executor.   Limitations, Statute of.*

In R. L. c. 137, § 8, designating the cases in which an administrator *de bonis non* may be appointed, the debts "remaining due from the estate" which the statute makes the occasion for such an appointment are debts enforceable against the estate, and a debt barred by the special statute of limitations gives no cause for the appointment, unless there are equitable considerations which bring the case within R. L. c. 141, § 10.

PETITION, filed August 6, 1903, in the Probate Court for the county of Norfolk, for the appointment of an administrator *de bonis non* of the estate of John E. Humphrey, late of Weymouth.

The Probate Court made a decree dismissing the petition.  On appeal, the case was heard by *Braley*, J.  He ruled that on the facts, which are stated in the opinion, the Probate Court had no jurisdiction to make the appointment, and affirmed the decree of the Probate Court dismissing the petition.  At the request of the petitioner he reported the case for determination by the full court, such decree to be entered as law and justice might require.

*G. P. Wardner*, for the petitioner.

*T. Hunt*, for sureties on the bond.

KNOWLTON, C. J.  This is a petition for administration *de bonis non* of the estate of John E. Humphrey, deceased. Humphrey died May 12, 1891.  On October 26, 1892, Erastus Worthington, public administrator, was appointed administrator of his estate.  On November 21, 1894, the final account of this administrator was allowed, and it appeared that there were no assets of the estate.  On January 20, 1898, Erastus Worthington died.  This petition is brought under R. L. c. 137, § 8, which authorizes the appointment of an administrator *de bonis non* after the death, resignation, or removal of a sole or surviving executor or administrator before the estate has been fully administered, if there is personal property of the deceased not administered to

the amount of $20, or debts to that amount remaining due from the estate, or anything remaining to be performed in the execution of the will, or if there is an order of distribution in accordance with the provisions of R. L. c. 150, § 26.

In the present case there is no personal property not administered, there is nothing to be done in the execution of a will, and there is no order of distribution. The petitioner contends that there is a debt remaining due from the estate. But the debt referred to was long ago barred by the special statute of limitations. R. L. c. 138, § 9; c. 141, § 9. There is thus "a positive bar arising from lapse of time, which cannot be waived by the administrator, nor in any way be answered or avoided. Its effect is therefore controlling and decisive." *Heard* v. *Lodge*, 20 Pick. 53, 58. After the running of this special statute, a previously existing debt can in no way be made effectual as a debt "remaining due from the estate," for which the estate can be held answerable, unless there are special equitable considerations which bring the case within the R. L. c. 141, § 10. *Thayer* v. *Hollis*, 3 Met. 369. *Lamson* v. *Schutt*, 4 Allen, 359. *Aiken* v. *Morse*, 104 Mass. 277. *Robinson* v. *Hodge*, 117 Mass. 222. In the present case there is no suggestion of such equitable considerations. We are of opinion that a debt "remaining due from the estate", within the meaning of this statute, is a debt which is enforceable in such a way that the estate may be legally liable to pay it.

The liability on which the petitioner relies as a foundation for this petition arose upon a bond to discharge certain real estate from a mechanic's lien, as appears by the opinion in *Holmes* v. *Humphreys*, 181 Mass. 181. No proceedings appear to have been taken to preserve the rights of the obligees in the bond under the R. L. c. 141, §§ 13, 14, 15, and the liability is not now a debt due from the estate, which authorizes the appointment of an administrator *de bonis non*.

*Petition dismissed.*