RICHARD HOLMES & others *vs.* JOHN E. HUMPHREYS.

Suffolk.　　January 19, 1905. — March 3, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Mechanic's Lien. Practice, Civil,* Parties.

On a petition to enforce a mechanic's lien, where the original respondent as the owner of the real estate has filed a bond with sureties to dissolve the lien, and later has died intestate, and, the time for presenting claims against his estate having passed, his administrator has filed a final account by which it has appeared that there were no assets and has died, the proceeding being in the nature of a proceeding *in rem* and the liability on the bond representing the *res,* if the petitioner cannot procure the appointment of an administrator *de bonis non* of the estate of the original respondent, the principal on the bond, he may proceed against the sureties alone, the administrator, although a proper party, not being a necessary party to the proceeding.

KNOWLTON, C. J. This case was considered at length when it was formerly before us, as appears by the report in 181 Mass. 181. There now remains for decision a question which then was

left undetermined, because it was not before us, namely, whether the petitioners can proceed without an administrator of John E. Humphreys' estate as a party respondent. It seems to be impossible for them to procure the appointment of an administrator, and if they cannot go on with the present parties their suit will be unavailing. See *Hubbard, petitioner*, 185 Mass. 22.

It before was held that an administrator was a proper party respondent, as the representative of the original debtor, both on his liability for the debt and as the principal upon the bond, given as security, which stands instead of the real estate. But whether the case can go on to a valid judgment without such a party, if all other interests are before the court, is a question which has not been considered.

Previously to the enactment of the St. 1871, c. 78, a debtor, who was not the owner of the property, was not required by the statute to be served with notice of the proceedings. Under Gen. Sts. c. 150, § 14, the owner of the building or structure was to be served with an attested copy of the petition and order of the court thereon, and notice of the filing of the petition was to be given to the debtor and to all other creditors having liens of the same kind upon the estate, by serving them with a copy of a separate order. This provision appears also in Pub. Sts. c. 191, § 16. By the St. 1888, c. 344, § 2, which appears without material change in R. L. c. 197, § 12, this provision was amended, so that a precept is issued, directing the officer to summon the owner of the estate, and to notify the debtor and all creditors having like liens upon the property. Under R. L. c. 197, § 22, if the debtor dies after the filing of the petition, " it may be prosecuted against his executor, administrator, heirs or assigns as if the estate or interest had been mortgaged to secure the debt." Under these statutes there is no doubt that an administrator of a deceased debtor is a proper party to the proceedings. As was said by Chief Justice Shaw in *Howard* v. *Robinson,* 5 Cush. 119, 121, " The course directed by statute is conformable, in part, to proceedings *in rem*, and partly to those *in personam ;* but the object being to charge the estate with a lien, an incumbrance wholly independent of the personal remedies which a contracting party may have, the course of proceeding must be considered as most nearly resembling a proceeding *in*

*rem.*" Perhaps for this reason the statute makes a distinction
in regard to the process to be issued, between the owner and the
debtor, when they are different persons. The one is to be
summoned, and the other, like creditors having a collateral
interest, is to be notified. As the judgment is *in rem,* and not
*in personam,* we have no doubt that, where jurisdiction cannot
be obtained of the debtor, he is not a necessary party, and the
proceedings can go on without him, as they could not if the suit
were *in personam.* We are therefore of opinion that, where the
debtor who was the owner has ceased to have an interest in the
estate, and has deceased, and his estate has been settled, and
the time for presenting claims has passed, and there were no
assets for his heirs, his administrator is not a necessary party,
even though he is a proper party, to proceedings to enforce
a mechanic's lien.

If the owner, on selling the estate, has given a bond with
sureties, as he did in the present case, his administrator, after
his decease, is a proper party because of the liability on the
bond which is the *res* representing the estate that has been sold.
But if the owner's estate has been settled and the administrator
has deceased, and if the other conditions are as supposed in the
last part of the last paragraph, and the sureties on the bond
have been notified and have appeared, we are of opinion that the
case may be prosecuted to judgment without the appointment of
an administrator *de bonis non.* The importance of notice to the
administrator or the sureties is not because there may be a
judgment against them in the suit, but because they are under
a liability which gives them a direct interest in the judgment,
such that they ought, in the absence of any other representative
of the property, to have an opportunity of being heard. In this
case the sureties have this opportunity, and the estate of
Humphreys has no actual interest that can be represented by
an administrator. See *Jennings* v. *Hinkle,* 81 Ill. 183.

*Case to stand for hearing before an auditor.*

*G. P. Wardner,* for the petitioners.

*T. Hunt,* for the sureties on the bond.