JAMES FRANCE *v.* ABRAM R. WOOLSTON.    HENRY EVANS *v.* ABRAM R. WOOLSTON.

The claim of a contractor to do the work and furnish the materials in painting, glazing and varnishing a house, is within the purview of the mechanic lien law or statute.   And when they are to be paid for in gross, no bill of particulars of the kind and the amount of the materials furnished is required, nor is it necessary to state when the furnishing of them was commenced and finished in such a case, if the dates of commencing and completing the contract are stated.

"Two two-story brick houses (with mansard roof) adjoining each other on a lot at the southeasterly intersection of Delaware Avenue and Rodney Street in the City of Wilmington, with the number of feet on each of them and on the other two lines of it stated," is a sufficient description of the several pieces of ground on which the houses are respectively situated.

In filing the claim of a partial contractor to do the work on, and furnish the materials for, a specific part of the building, begun after the commencement of it, and finished before the erection and completion of the entire building, the time of the commencement and of the completion of it, need not be stated, but only the times when the work done and the materials furnished by him were begun and finished under his contract.

If judgment be entered, in the absence of an affidavit of defence by the owner of the building, on a claim the contractor has erroneously filed within sixty days after the completion of his contract, it will not be set aside on the application of a purchaser of the premises at sheriff's sale on a mortgage executed by the owner to another and recorded after he had commenced, but before he had completed his contract on the building.

IN these cases which were heard together, HOUSTON, J., delivered the opinion of the court.

These cases arise under the mechanic lien law or statute passed March 29, 1871, on rules granted to show cause wherefore the judgments hereafter mentioned in favor of James France and Henry Evans respectively against Abram Woolston obtained under it in this court, should not be disallowed and stricken from the record, and which having been heard at the last, were held under advisement until the present term of the Court.   In the first case the statement of the claim and affidavit of France

was filed in the office of the Prothonotary on the 3d day of May 1871, stating in substance, *First*, that James France was the party claimant, and Abram R. Woolston was the owner and contractor, and that the contract was made with Abram R. Woolston, the owner and contractor; *Secondly*, that the amount claimed to be due to the said claimant was $725,31 being a debt contracted for work and labor and materials furnished upon the buildings owned by the said Abram R. Woolston, and for which the said Abram R. Woolston was the contractor, as by the said claimant's bill of particulars hereunto annexed more fully appears, and which was as follows :

WILMINGTON, DEL., April 26, 1871.

MR. ABRAM R. WOOLSTON,

To JAMES FRANCE, Dr.

1871.

April 24. For work done at and on, and material furnished for two new Houses on the south east corner of Delaware Avenue and Rodney Street in Wilmington, Delaware. The work begun on the 4th day of October 1870, and finished this day, to wit, April 24, 1871.

| | |
|---|---:|
| Painting and glazing and furnishing material for both said Houses by estimate and agreement | $535.00 |
| Painting and paint on 18 window shutters in addition to agreement | 27.00 |
| Reglazing windows broken by plasterers | 19.31 |
| Graining and varnishing doors and shutters inside | 120.00 |
| Painting and glazing second story of each House Back Building. | 34.00 |
| | 725.31 |

That the sum of $362.65½ was due him for work and

labor and materials furnished for each of the adjoining houses at the south-easterly corner of Delaware Avenue and Rodney Street respectively; *Thirdly*,that the claimant began to work and labor and furnish materials on the 4th day of October 1870, and finished on the 21st day of April 1871; *Fourthly*, that the buildings upon which the said claimant furnished work and labor and materials, were located as follows, to wit; two two-story brick houses (with mansard roof) adjoining each other on a lot at the south-easterly intersection of Delaware Avenue and Rodney Street in the City of Wilmington, the said lot being about 109 feet on Delaware Avenue by 142 feet on Rodney Street, 109 feet on the south-easterly line, and 60¼ feet on its south-easterly boundary line ; *Fifthly*, that the said work was performed, and the said materials were furnished by said claimant on the credit of the said two buildings, houses or structures above described; *Sixthly*, that the amount of said claim exceeded twenty-five dollars, and the same had not been paid, or secured to be paid to the claimant. And upon which a writ of *scire facias* was issued returnable at the May Term 1871, and on which the claimant recovered judgment for $725.31 and costs, at that term.

In the other case the statement of the claim and affidavit of Evans was filed in the office of the Prothonotary on the 5th day of June 1871, stating in substance as follows : *First*, that the name of the owner or reputed owner of the two houses respecting which this action was commenced, was Abraham R. Woolston and the name of the contractor was Henry Evans, and that the contract was made with such owner or reputed owner : *Secondly*, that four hundred and fifty dollars (two hundred and twenty-five dollars on each house) was the amount or sum claimed by said contractor to be due him for work and labor done, and materials furnished in making and erecting the stairs in said houses: *Thirdly*, that the said work and labor and furnishing of said materials were commenced on the 7th day of November 1870, and finished on the 13th day of March

1871; *Fourthly*, that the said two houses were located at the southeast corner of Delaware Avenue and Rodney street in the city of Wilmington and State of Delaware, on two lots of ground adjoining each other, and having a front on Delaware Avenue of about 109 feet and running back southerly the same width between Rodney street and a line parallel thereto about 142 feet; *Fifthly*, that said work and labor were performed and the materials furnished on the credit of the said houses; *Sixthly*, that the said claim exceeded twenty-five dollars, and that the same had not been paid or secured to be paid to the claimant or contractor aforesaid. Upon which a writ of *scire facias* was issued returnable to November Term 1871, and which was returned at that term by the sheriff served personally on Abram R. Woolston, the defendant, September 4th 1871, and a copy of the writ affixed on the front door of each of said described buildings, neither of them being occupied as a place of residence, June 7th 1871. It further appears from the record in this case, that at that term exceptions were filed to the claim and a rule was laid on the motion of counsel for the defendant, to show cause wherefore it should not be stricken from the record, but which on the following day was discharged by the Court, the counsel for both the plaintiff and defendant assenting thereto; and on the same day, December 8th 1871, on motion of the plaintiff's attorney, judgment was rendered for the plaintiff for want of an affidavit of defence, amount to be ascertained by the Prothonotary, and which on the 12th of December 1871 was ascertained by him to be $450 with interest from the 13th of March preceding.

On the 16th day of November 1870, Abram R. Woolston executed a mortgage of the two houses and lots to Casper Kendall for the sum of $5000 which was duly recorded on the 22d day of November in that year, on which judgment was recovered in this Court for the sum of $2500 and costs, on the 7th day of December 1871. Subsequently the two houses and lots were sold upon a *levari facias* issued on a mortgage of them executed by Abram R. Woolston to

James L. Devou and by him assigned to George F. Brady, returnable to the May Term 1872 of this Court; and at which term on affidavit filed that he was advised and believed that the said judgments recovered by France and Evans respectively against Woolston were irregular and void, obtained a rule in each case to show cause wherefore the said judgments should not be disallowed and stricken from the record. The property sold at the sheriff's sale for the sum of $9510.00 which remains in the officer's hands.

The first exception under the rule in the case of France, in substance is, that he was at the time a painter and glazier, and that the work done and materials furnished and charged for by him, are not within the purview or provisions of the statute, as they were not performed or furnished " in or for the erection, alteration, or repair of any house, building, or structure, in pursuance of any contract express or implied, with the owner of such house, building or structure, or with any contractor who had contracted for the erection, alteration, or repair of the same, and for the furnishing of the whole or any part of the materials therefor," and which exception we consider unsound and unwarranted by the true and proper meaning and construction of the act, because the term erection employed in the statute contemplates and includes the entire construction of any such house, building, or structure, and whatever is contributed either in labor or materials in the making or finishing of any part of them, is within the purview and intention of the statute.

The second exception in the same case is, that the statement is defective because it omits to set forth a bill of particulars of the kind and amount of materials furnished by him; but the statement in this respect clearly imports upon its face, that the same were to be paid for, not by the day, or the quantity of material furnished, but by agreement of the parties the whole was to be paid for in gross or at a certain stipulated price; and such being the case no bill of particulars was necessary or required by

the act, and the statement is, therefore, sufficient without it.

· The third exception is,that it does not set forth the time when the furnishing of said materials was commenced and finished, which is untrue in point of fact, for we know that the furnishing of the paint, putty and varnish for the purpose, must have begun and ended with the work of putting them on the doors, windows and shutters of the houses, which are both expressly stated in it.

The next three exceptions which we shall now notice collectively, and consider together in this case, are to the following effect : that the claim is not stated and set forth with sufficient precision and particularity as to times, dates, prices, quantities and amounts, or descriptions of the several pieces of ground on which the houses are respectively situated, or the locality of each of the said houses, with such descriptions as may be sufficient to identify the same, are equally untrue and unsound in our opinion, and may, therefore, be dismissed with the remark simply that we consider the statement of the claim sufficient in each of these respects.

The next and last exception which we shall proceed to notice is to this effect: that the claimant in the first case was the contractor in the special and particular sense in which that word is used in the statute, with Abram R. Woolston who was the owner of the houses and lots on which they were erected, to do the part of the work charged for upon them, and to furnish the materials therefor; by estimate and express agreement, and who performed and executed the same by employing workmen and laborers and procuring the materials from other persons for the purpose ; and yet, notwithstanding he was such contractor, he did not file the statement within thirty days after ·the expiration of sixty days from the completion of the houses, or of the work so contracted for and done by him, but filed the same within sixty days from the completion of them ; and further, that neither the fact, nor the time of the completion of them is alleged, or appears in the statement or

proceeding. No exception whatever is taken to the manifest, but immaterial mistake committed in the first branch of the statement which alleges Woolston, the owner of the houses, instead of France, the claimant, to be the contractor in the case; but waiving that, it rectifies for the occasion whatever error may be contained in it, by correctly stating and assuming in the exception we are now considering, that at the time when the statement of the claim was filed, France, the plaintiff, was the claimant and contractor, and Woolston, the defendant, was the owner of the houses in the case. And it is true, that neither the fact, nor the time of the completion of the houses is .any where stated in it, or otherwise appears on the face of the proceeding; but it is stated in it that his performance of the contract was commenced on the 4th day of October 1870 and was completed on the 21st day of April 1871, and it appears from the record that the statement of the claim was filed on the 3rd day of May following, and it is, therefore, evident that this was done before the expiration of sixty days from the completion of the houses, or the completion of the claimant's contract in relation to the part he was to do upon them. But the evident design and object of the statute in providing, as it has done in the first section, that no such contractor shall file his claim in less than sixty, nor in more than ninety days after "the completion of such building, house, or structure so contracted for by him," either in whole or in part, (as is clearly implied from the preceding portion of the context) whilst all other contractors and creditors, such as material-men, mechanics and laborers, specially provided for under it, are required to file their respective claims within sixty days after "the completion of the work and labor performed, or from the last delivery of materials furnished by them respectively" for such purpose upon the credit of such building or structure, was, in the first place, to prevent and delay the filing of any claim by such a contractor, until all the other class or classes of creditors and contractors referred to, had in the meanwhile

and within the time therein first limited and prescribed, filed their respective claims, that is to say, within sixty days after the entire completion of the building or struct-ure, so that the owner may thus have the means and the opportunity of protecting himself against any duplication of such special judgments and liens against him and his property for one and the same demand substantially; and which might, and doubtless would have happened without this provision, when such a contractor had recovered a judgment for all the work done and materials furnished under his contract, and other creditors of the classes we have before mentioned, had also recovered judgments for the amounts respectively due them for work done or ma-terials furnished by them under the same contract; and in the second place, to limit and fix a prescribed period be-yond which no claim of this kind should be filed in any case on the ground of the general good and public policy. The latter object, we think, was not in fact violated or contravened by filing it too soon, or before the time lim-ited in the act for that purpose, whilst in regard to the for-mer, it is enough to say that the owner of the houses in this case, took no exception to the filing of the statement on that, or any other ground; on the contrary, after having been personally and duly served with process, in the ac-tion, he made no defence whatever, but voluntarily suf-fered judgment to go against him by default, and it does not appear that, either he or any other creditor under the statute, has ever taken any exception to it, and neither he, nor they take any to it now. But the de-fendant himself is now certainly concluded and estopped from making any objection to it by his default, and the judgment thereupon entered; and can the plaintiff in the rule by virtue of the mortgage of the premises executed to him on the 16th day of November 1870, one month and twelve days after the specific and retrospective lien of this judgment had attached to them, upon any princi-ple of law applicable to the case, possibly stand on any better ground in regard to it? As he never was in pos-

session of them under the mortgage, he never was in any sense the legal owner of them, and as between him and the mortgagor of them, he was, like the claimant, but a creditor of the owner, with a real security and a special lien upon them from the respective dates before mentioned. *Doe d. Hall and Wife et al. v. Tunnell*, 1 *Houst.* 321. And he had at no time any right as such mortgagee, either at common law, or under the statute, to object to the filing of the claim, or to the proceedings upon it, or to prevent the entry of the judgment upon it; for the act expressly provides that the *scire facias* to be issued in such case, shall be made known to the defendant in it, and to all such persons as may hold or occupy the said buildings or structures, and directs that it shall be served on the defendant therein named, if he can be found in the county, and a copy thereof shall also be left with some person residing in the building, if occupied as a place of residence, and that judgment by default may be entered upon motion by the plaintiff on the last day of the term to which said process is returnable, notwithstanding appearance by the defendant, unless said defendant shall have previously filed in the cause an affidavit that he verily believes there is a legal defence to the whole or part of such cause of action, and setting forth the nature and character of the same, &c. But as it was the direct intent and object of the statute to secure to such a claimant and contractor a special and preferred lien and judgment for work and labor so performed, and materials so furnished by him, in the erection and completion of any house, building, or structure, under such a contract with the owner of it, which should have priority from the day the work upon it and the furnishing of materials for it was commenced, over all liens and incumbrances subsequently obtained against him or the property, whether general or special in their character; and as it is perfectly evident that the mere filing of the statement of the claim prematurely, as was done in this case, could not in the contemplation of the statute affect,

impair, or prejudice the rights or interests of any one but the owner of the houses and the defendant in the suit, there is certainly no just or substantial reason why any other person should be allowed to object to it, or to take any advantage of it whatever. And as in this case the error of prematurely filing it evidently proceeded from a misapprehension of the meaning of the statute in respect to that matter, and in no way affects the justice, validity, or correctness of the claim itself, which the defendants by declining to oppose or object to by filing an affidavit of defence to it upon that or any other ground, must be recognized to have acknowledged and confessed, and for the want of which the judgment in question was properly entered against him in strict accordance with the provision of the statute and the practice of the Court in such cases, we do not consider that it now furnishes sufficient ground for disturbing in any manner the judgment then entered upon it. And this rule must therefore be discharged, the plaintiff in it to pay the costs in three months, or attachment.

In the second case before mentioned, of Henry Evans v. Abram R. Woolston, the exceptions filed are substantially the same as those we have already considered and disposed of in the preceding case, with this difference and distinction merely; that the *first* exception alleges that the statement of the claim filed in the latter case neither sets forth a contract in gross for the work and labor done, and the materials furnished, nor a bill of particulars of the materials furnished; and *secondly*, that Evans, the claimant, not being a contractor in contemplation of the statute, had not filed the statement of his claim within sixty days from the completion of the work and labor performed by him, and the last delivery of materials furnished by him, as was required by the act. As to both of which we only take occasion now to say briefly, that the words of the statute do not imperatively require a bill of particulars to be set forth in the statement of the claim in every case, and where by the con-

tract the claimant is to do the work and furnish the materials for a gross sum, or is to be paid for the whole a certain stipulated price, we do not see any special necessity for a bill of particulars; and such we consider the contract in this case to have been from the import of the terms employed in the statement of it. It would be better, however, in all such cases that it should be so distinctly stated, and not be left to inference or implication alone. In relation to the other exception we will only add that the claimant was unquestionably the contractor in contemplation of the statute in this case, and has very properly so denominated himself in the statement filed by him, and with equal propriety and correctness delayed filing it until after the expiration of sixty days from the completion of 'the said houses, if he did so, although he has not so stated it. But all we have before said in the preceding case in reference to the effect of the judgment entered by default against the defendant for the want of any affidavit of defence, applies with equal force and propriety in this case, on each and all of the exceptions filed in it; and therefore the rule granted in this case must also be discharged, with the like order as to costs.

*Bates, Nields and Patterson,* for Plaintiffs in the Rule.

*Hodgson and Maris,* for Defendants in the Rule.