GEORGE W. EMORY & COMPANY *vs.* THE COMMISSIONERS OF THE TOWN OF LAUREL, a corporation created by and existing under the laws of the State of Delaware.

*Mechanics' Lien—Municipal Corporation—Affidavit of Defense— Motion for Judgment—Judgment Refused—Construction of Statute.*

In a *sci. fa.* under the Mechanics' Lien Law against a municipal corporation, in which a motion is made for judgment notwithstanding an affidavit of defense—judgment refused.

(*April 6, 1900.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Woodburn Martin* for plaintiffs.

*James H. Hughes* for defendants.

Superior Court, Sussex County, April Term, 1900.

MECHANICS' LIEN (No. 2, April Term, 1900). Motion for judgment notwithstanding affidavit of defense.
See facts in argument of Mr. Hughes.

*Mr. Hughes:*—The plaintiff filed a mechanics' lien against Edwin F. Kitson, contractor, and the defendant, for bricks furnished the said contractor for building an engine-house for the water works for the said town of Laurel. The defendant filed an affidavit of defense setting forth that the said town of Laurel is a municipal corporation and that the water works for the said town are for the public benefit and improvement and that a mechanics' lien would not lie, under the statutes of the State of Delaware, against such a building. The statute under which the proceeding is brought is the Mechanics' Lien Law, on page 818 of the Revised Code, 1893. While by the terms of section 5 of said statute said law applies as well to *corporations as individuals*, it was contemplated that the word "corporation" should include municipal corporations. The statute provides an unusual remedy for the collection of claims for labor and material furnished in the erection of buildings, etc., and is in derogation of the common law. Such statutes are construed strictly.

*Endlich on Interpretation of Statutes, Secs. 127 and 350 ; Suth. on Statutory Construction, Sec. 428 ; Sweitzer vs. City of Wellington, 40 Kansas, 250.*

It is well settled by a uniform line of decisions that the water works of a municipal corporation cannot be seized and sold on execution process. A claim against such a corporation can only be collected by obtaining a judgment and writ of mandamus, compelling such corporation to raise money by taxation for the payment of such judgment. Such property not being liable to sale on execution process is not subject to mechanics' lien, which under

our law, is a specific lien on the building or structure against which it is filed. Such specific lien would not entitle the plaintiff to a writ of mandamus to compel the defendant to raise by taxation the money necessary to discharge it. Though our statute is. broad in its terms, applying to " all buildings," etc., and to " corporations as well as individuals," it must be construed so as not to contravene settled principles of public policy.

2 *Dillon's Munic. Corp.*, Sec. 577 ; *Boisot on Mech. Lien*, Secs. 208, 209; *Com. of Pike County vs. O'Conner*, 86 Ind., 531; *Leonard vs. City of Brooklyn*, 71 New York, 498; *Foster vs. Fowler & Co.*, 60 Pa. St., 27 ; 25 Fed. Rep.—Note on page 175.

LORE, C. J.:—We refuse judgment. This is not the ascertainment of the amount of the liability on the part of a municipal corporation for its own debt, but it is the special condemnation of the particular piece of property in execution, a proceeding in *rem*, as it were. It is sought here to extend the remedy to municipal property. This the courts will not do, unless it is expressly provided for in the statute.

Judgment refused.