CRANE CREEK IRR. DIST. et al. v. PORTLAND WOOD PIPE CO. et al.

(Circuit Court of Appeals, Ninth Circuit. March 20, 1916.)

No. 2645.

MECHANICS' LIENS ⊘13—SUBJECT-MATTER—PUBLIC PROPERTY.

Where a mechanic's lien on an irrigation system, constructed by a private corporation under a contract with two irrigation districts to which the system was to be conveyed, was perfected before the conveyance to the districts, it was not defeated by the conveyance, even though the general lien laws do not apply to public corporations, such as irrigation districts.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 14, 15; Dec. Dig. ⊘13.]

Appeal from the District Court of the United States for the Southern Division of the District of Idaho; Frank S. Dietrich, Judge.

Mechanic's lien suit by the Portland Wood Pipe Company and others against the Crane Creek Irrigation District and another. Decree for the complainants, and defendants appeal. Affirmed.

C. S. Varian, of Salt Lake City, Utah, and E. R. Coulter, of Weiser, Idaho, for appellants.

Richards & Haga and McKeen F. Morrow, all of Boise, Idaho, for appellee Portland Wood Pipe Co.

Before GILBERT and MORROW, Circuit Judges, and RUDKIN, District Judge.

RUDKIN, District Judge. This is an appeal from the decree of the court below in so far as it decrees the foreclosure of a lien against the property of certain irrigation districts in the state of Idaho. The facts material to a proper understanding of the question presented by the appeal are as follows:

The Crane Creek Irrigation, Land & Power Company is a private corporation organized and existing under the laws of the state of Idaho, and the Crane Creek irrigation district and the Sunnyside irrigation district are public corporations organized and existing under the laws of that state. On the 22d day of August, 1910, the Irrigation & Power Company entered into two separate contracts with the two irrigation districts in question, under the terms of which it agreed to construct and complete an irrigation system according to certain plans and specifications agreed upon, and upon completion to convey to each of the irrigation districts a certain specified undivided interest therein. These contracts recited that the Irrigation & Power Company was the owner of certain water rights, reservoir sites, and rights of way upon which some construction work had been performed, and it was thereupon agreed that the reservoir, dams, pipe lines, flumes, laterals, and other structures should be constructed and completed by the 1st day of May, 1912, and that when so constructed and completed the undivided interest should be conveyed to each of the irrigation districts as therein provided. It was further agreed that partial conveyances should be made from time to time on monthly estimates as the work progressed, and that upon the completion of the work these partial conveyances should be followed by a final conveyance. The Irrigation & Power Company entered into a contract for the construction and completion of this irrigation system, first with Maney Bros. & Co. and later with the Slick Bros. Construction Company. The appellee, the Portland Wood Pipe Company, under contract with the Slick Bros. Construction Company, furnished certain piping and other material to be used in the construction work, and for the purchase price of the material so furnished it filed and perfected its lien claim under the laws of the state of Idaho. At the time the materials were so furnished the Irrigation & Power Company was in charge of the construction work as owner; none of the conveyances or partial conveyances to the irrigation districts had been recorded, and so far as the record discloses the present lien claimant had no notice of the claims of the irrigation districts. Under these facts the irrigation districts contend that they are public corporations, organized and existing under the laws of the state of Idaho for public purposes, and that their property cannot be subjected to liens under the mechanic's lien laws of that state. This is the sole question presented by the appeal.

The court below did not find it necessary to determine whether the property of an irrigation district is subject to the lien laws of the state of Idaho, nor do we. For, conceding that an irrigation district is a public corporation, and that its property cannot be subjected to a lien for material furnished to the district direct or to a contractor with the district, yet when an irrigation district or other

public corporation acquires property from another it acquires it subject to all liens and burdens lawfully imposed upon it by the former owner, just the same as any other purchaser. In the present case the Irrigation & Power Company was in possession of the irrigation system as owner, and was holding itself out to the world as such. It contracted for the construction of an irrigation system on its own property, and material was furnished to be used in that system, for which a lien was given by the laws of the state. That lien attached before the irrigation district acquired the property and was not displaced by the conveyance to the district. Thus, in Salem v. Lane & Bodley Co., 189 Ill. 593, 60 N. E. 37, 82 Am. St. Rep. 481, Reed and Van Kirk submitted a written proposition to the city of Salem to furnish the city a complete electric light plant, in accordance with certain specifications set out in the proposition, for the sum of $9,000, payable in bonds, or partly in bonds and partly in notes, as the city might elect. This proposition was accepted by the city, and the plant was constructed by Reed and Van Kirk. Lane & Bodley Company furnished an engine wherewith to operate the plant, and filed and perfected a lien therefor under the laws of the state of Illinois. Thereafter the plant was completed and duly conveyed to the city. In a suit to foreclose the Lane & Bodley Company lien the city contended that its property was not subject to the lien laws of the state, and the court so conceded; but it was nevertheless held that the city acquired the property subject to the lien. In the course of its opinion the court said:

"The decree was not awarded on the theory the property thus held by the municipality for the use of the public—to enable the city to discharge its public functions—is within the purview of the mechanic's lien law and subject to be sold to discharge an indebtedness contracted by the city for material or labor used in the construction of the plant, but that the lien attached to the electric light plant before it became the property of the city, for the debt of the then owners, T. O. Reed and William Van Kirk, and that the city acquired the property subject to the lien. Reed and Van Kirk were parties defendant to the bill, and a personal money decree was entered against them and a decree in rem against the electric light plant. The appeal was prosecuted on behalf of the city only. If the defendant in error corporation had perfected a lien against the plant while it was the property of an individual owner, the subsequent purchase of the plant by the city could not operate to deprive the lienor of the benefit of the statutory provisions for the enforcement of the lien by a forced sale of the property. The decree is a personal money decree against Reed and Van Kirk, and for the sale of the electric light plant in default of payment of the decree debt. There is no decree against the city for the payment of any sum. The city cannot be required, by mandamus or any order or process of the court, to pay the decree debt. It is not a decree debtor, but the owner of real property upon which the lien of the decree may operate if it does not pay the sum specified in the decree. It may voluntarily pay the amount necessary to remove the lien from the property, but there is no process or authority of law that may be invoked to coerce it to make payment. The lien is created by the statute, and the statute provides, as the mode of enforcement of the lien, the sale of the land on which the lien has attached. To deny to the plaintiff in error corporation the benefit of this mode of enforcing the decree is, in this case, to nullify the lien."

### Again the court said:

"The substance of the entire transaction was that Reed & Co. proffered to procure, construct, and tender to the city a complete electric light plant (grounds, building, and machinery), constructed in accordance with given specifications and plans, for a specified sum of money, and the city contracted to ac-

cept the said plant (grounds, building, and machinery), if constructed and tendered in accordance with the terms of the proposition of said Reed & Co., and under the contract Reed & Co. tendered, and the city accepted, a plant which was incumbered by a legally subsisting lien in favor of the defendant in error company. Such a lien would not be displaced by the conveyance to the city, but the lien remained as fully effective against the property after the conveyance to the city as before."

While on grounds of public policy the property of municipal corporations held for public purposes may be exempt from the operation of the general lien laws of the state, yet such municipalities may not enter into contracts with third persons for the construction of plants or other improvements on the property of such third persons to be thereafter conveyed to the municipality, and then claim the statutory exemption from liens for labor performed upon or materials used in the construction of the contemplated improvements.

Such were the views of the court below, and its decree is affirmed.