HAINER *v.* HEIDENREICH *et al.**

(Division B. Feb. 22, 1926.)

[107 So. 197. No. 25300.]

DEDICATION. *To constitute dedication to public use, evidence must unequivocally manifest intention that public shall have the way claimed, and also show acceptance by public.*

To constitute a dedication to public use and an acceptance by the public, the evidence must unequivocally manifest an intention of alleged dedicator that the public shall have and enjoy the way claimed, and likewise show the same character of acceptance by the public.

---

*Corpus Juris-Cyc. References: Dedication, 18 C. J., pp. 53, n. 42; 96, n. 22; 97, n. 36, 38, 40; As to what constitutes dedication, see 8 R. C. L., pp. 890, 891; 2 R. C. L. Supp., pp. 676, 679; 4 R. C. L. Supp., p. 579; 5 R. C. L. Supp., p. 488.

APPEAL from chancery court of Pike county.

HON. R. W. CUTRER, Chancellor.

Bill by M. Hainer against B. A. Heidenreich and others. From a decree dismissing the bill, plaintiff appeals. Affirmed.

142 Miss.—5.

*W. B. Mixon* and *F. H. & F. J. Lotterhos,* for appellant.

*Conduct rather than secret motive governs intention to dedicate.* 18 C. J. 47-48, 53-54, 55-56, 90-91; *Kinnare* v. *Gregory,* 55 Miss. 612; *Nixon* v. *Biloxi,* 5 So. 621; *Meridian* v. *Poole,* 88 Miss. 108, 40 So. 548; *Lexington* v. *Hoskins,* 96 Miss. 163, 50 So. 561; *Rylee* v. *State,* 106 Miss. 123, 63 So. 342; Dillon, Mun. Corp. (5 Ed.), sec. 1079; McQuillin, Mun. Corp., sec. 1567; *Smith* v. *City* (Cal.), 30 Pac. 591; *City* v. *McCollum* (Cal.), 103 Pac. 914, 23 L. R. A. (N. S.) 378.

*User by the public without objection is strong evidence of dedication—statutory period of time is not necessary.* 18 C. J. 51-52; 104-105; *N. O., J. & G. N. R. R. Co.* v. *Moye,* 39 Miss. 374; *Briel* v. *Natchez,* 48 Miss. 423; *Indianola Light, Ice & Coal Co.* v. *Montgomery,* 85 Miss. 304, 37 So. 958; *Robinson* v. *Gebauer* (Neb.), 152 N. W. 329.

*Extent of user in this case.* In this case there was a general use by the public for a long period of years. If ever there was a case where user by the public without objection by the owner was sufficient to prove a dedication, this is such a case. This use by the public of a clearly defined passageway from one important street to another, without any protest or objection by the person who claims now to own the strip, is sufficient to prove a common-law dedication. But there are other facts, as we shall show, which go still further, all indicating an intention to dedicate, and each in addition showing more clearly the broad, general nature of the user.

(a) *The passageway was paved by the abutting owners.* This fact is very strong evidence of an intention to dedicate. 18 C. J. 91, 99. (b) *The passageway was lighted.* This is another strong point in the proof of a dedication to the public. (c) *Business establishments opened on the passageway.* 18 C. J. 91. (d) *Approaches were made to the ends of the passageway.* (e) *The dedication was accepted by public user.* 18 C. J.

77-78; *Sanford* v. *Meridian,* 52 Miss. 383; *Jackson* v. *Laird,* 99 Miss. 476, 55 So. 41; *Marsh* v. *Village of Fairbury* (Ill.), 45 N. E. 236; *Trammell* v. *Bradford* (Ala.), 73 So. 894.

*Dedication is consistent with appellee's original position.* 18 C. J. 110-111; *Cloverdale Homes* v. *Town of Cloverdale* (Ala.), 62 So. 712; *Marsh* v. *Village of Fairbury, supra,* p. 18.

*E. G. Williams* and *Price, Price & Cassidy,* for appellees.

Appellant claims that Heidenreich dedicated this passageway to the public by allowing its use by others. In 19 C. J., p. 887, the rule as to permissive *use* is stated. See also *Lanier* v. *Boothe,* 50 Miss. 410.

In the case at bar, the use has not been for the prescribed period. Heidenreich never had any notice of Hainer's claim to a passageway until he obstructed it. The use was constantly interrupted. There was never any acquiescence on the part of Heidenreich, and none was testified to by any witness. See *Clay* v. *Hava,* 89 So. 665; *Alabama & V. Ry.* v. *Joseph et al.,* 87 So. 421; *Staton* v. *Henry,* 94 So. 237; *Board of Supervisors of Warren County* v. *Mastronardi,* 24 So. 199.

There was no color of right in the case at bar, and certainly if thirty years' use did not give right to the public in the Mastronardi case, the limited use by the public and parties in this case for less than ten years could not have ripened into anything. See also *Bernley* v. *Mullens,* 38 So. 635; *Mills* v. *Reid,* 38 So. 793; and *Bonelli* v. *Blakemore,* 66 Miss. 136, 5 So. 228, 14 Am. St. Rep. 550, a leading case. The universal rule as to prescription is laid down in 9 R. C. L., p. 776. See also *Stewart* v. *White,* 128 A. L. A. 202, 55 L. R. A. 211; *Gage* v. *M. & O. R. R. Co.,* 84 Ala. 224, 4 So. 415.

There has never been any sort of invasion by Hainer of Heidenreich's rights. When Hainer built the side-

walk in front of his store, he extended it on by this eight feet to connect up with the other sidewalk by the Clements property, and Heidenreich gave his consent. When Mr. McColgan wanted the boys to pave the strip, Heidenreich gave his consent and everybody chipped in. When Hainer wanted his sewerage installed, Heidenreich gave his consent, and all of the owners put their sewerage down under the passageway. Heidenreich could never have brought any sort of action against Hainer, the city, the public, or anybody else, because of their permissive use of the property. 9 R. C. L., p. 779; 66 L. R. A. 431; *Dixon* v. *Cook,* 47 Miss. 225; *Huntington* v. *Allen,* 44 Miss. 668; *Ill. Ins. Co.* v. *Littlefield,* 67 Ill. 368; *Princeton* v. *Gustaveson,* 241 Ill. 566; *Pa. Co.* v. *Plotz,* 125 Ind. 26; *Shellhouse* v. *State,* 110 Ind. 509, 11 N. E. 484; *Brinck* v. *Collier,* 56 Mo. 160; *Farmers & M. Sav. Bank* v. *Lockport,* 151 N. Y. Supp. 865; *Harris* v. *Com.,* 20 Gratt (Va.) 833; *Thorworth* v. *Scheets,* 269 Ill. 573; *Smith* v. *Thomas Elevator Co.,* 278 Ill. 328, 116 N. E. 113, 1917E L. R. A. 721; *Heard* v. *Cottrell,* 100 Miss. 42, 56 So. 277; *Bank of Lauderdale* v. *Cole,* 111 Miss. 39, 71 So. 260; *Johnson* v. *Yazoo County,* 113 Miss. 435, 74 So. 321; *Glover* v. *Falls,* 82 So. 4; *Nixon* v. *Town of Biloxi,* 5 So. 621; *Glover* v. *Falls,* 82 So. 4; *Board of Trustees* v. *Gotten,* 80 So. 522.

*Kinnare* v. *Gregory,* 55 Miss. 619, is the first Mississippi case cited by appellant. It can have no application in this case, for in that case there was dedication of the highway by the owner, and an acceptance by the board.

Appellant seems to labor under the misapprehension that user by the public without objection by the owner is sufficient to establish a dedication. Such is not the law, as the many authorities on permissive user heretofore cited demonstrate.

Argued orally by *F. J.* and *F. H. Lotterhos,* for appellant, and *E. G. Williams* and *Kenneth Price,* for appellees.

ANDERSON, J., delivered the opinion of the court.

Appellant filed his bill in the chancery court of Pike county against appellees to enjoin the latter from obstructing an alley through square 38 in McComb City. There was a trial on the bill, answer, and proofs, resulting in a final decree dismissing appellant's bill, from which decree appellant prosecutes this appeal.

The trial court, in dismissing appellant's bill, necessarily held that appellant had neither acquired an easement in the alley in question by prescription nor the right to have it kept open for his convenience as one of the public on the ground that appellees had dedicated it to public use, which dedication had been accepted by the public by user.

The principles of law governing the case are settled by a long line of decisions of this court. There is no real controversy between the parties as to the law of the case. The difficulty arises in its application. It was a question of fact resting alone in parol whether or not appellant had acquired an easement in the alley by prescription. It was also a question of fact, resting alone in parol as to whether appellees had dedicated the alley to public use, and whether such dedication had been accepted by the public.

The evidence was conflicting on these issues of fact. We differ with appellant in his contention that the trial court made an erroneous application of the law to the proven facts of the case. There was substantial evidence, we think, tending to establish all the issues of fact involved in appellees' favor.

As to whether there was a dedication of the alley to public use and an acceptance of such dedication by the public, we think the evidence fails to measure up to the requirement of the law as declared in *Kinnare* v. *Gregory,* 55 Miss. 612. The evidence must unequivocally manifest an intention on the part of the alleged dedicator that

the public shall have and enjoy the way claimed, and likewise there must be the same character of acceptance of the way by the public.

*Affirmed.*