THE MAYOR AND COUNCIL OF WILMINGTON, (which with TRANSIT FREEZE CORPORATION, a New Jersey Corporation, and Ralph B. Richardson, Benjamin F. Shaw and Charles E. Mendinhall, acting as the Board of Harbor Commissioners, were named as defendants below), Defendant Below, Appellant, v. RECONY SALES AND ENGINEERING CORPORATION, a corporation of the State of Delaware, Plaintiff Below, Appellee.

(*October* 10, 1962)

SOUTHERLAND, C. J. and WOLCOTT and TERRY, J. J., sitting.

*Arthur J. Sullivan* (of Morris, James, Hitchens and Williams) for appellant.

*Louis J. Finger* (of Richards, Layton and Finger) for appellee.

Supreme Court of the State of Delaware, No. 28, 1962.

TERRY, J.:

This is an appeal from that part of an Order of the Superior Court which denied certain exceptions of defendant, The Mayor & Council of Wilmington, to a statement of claim for a mechanic's lien, and which also ordered stricken the affirmative defenses set forth in the answer of that defendant, which were identical to those exceptions. These exceptions were as follows:

1. The bill of particulars annexed to the statement of claim was not legally sufficient.

2. A mechanic's lien cannot be imposed upon and enforced against public property acquired and used for public purposes.

3. The structure or structures upon which the lien is sought to be imposed are not sufficiently described.

The facts are not disputed. Plaintiff, Recony, brought this action against (1) The Mayor & Council of Wilmington (hereinafter called "City"), as owner of the Marine Terminal; (2) the members of the Board of Harbor Commissioners, as agents of the Mayor & Council, and (3) Transit Freeze Corp. (hereinafter called Transit Freeze), a lessee of the City, of certain facilities located at the Marine Terminal. In its complaint and statement of claim for a mechanic's lien, plaintiff seeks judgment against Transit Freeze for the balance of $44,736.75 alleged to be due upon a construction contract between plaintiff and Transit Freeze, and the imposition of a mechanic's lien for such balance upon a structure or structures located at the Marine Terminal and owned by the City.

On April 1, 1960, Transit Freeze leased 28,000 square feet of Storage Shed A located at the Marine Terminal. It was also given the option to lease a part or all of the remaining area, comprising 31,200 square feet of Storage Shed A.

The contract between Recony and Transit Freeze provided for construction of a three-room freezing and cooling unit within the leased portion of Shed A. The lower court held that this unit was installed in such a manner as to become an integral portion of the building, constituting an "alteration" to the property owned by the City, and thus falling within the purview of 25 *Del. C.* § 2702(a), which establishes the criteria for mechanic's liens.

The questions which present themselves for resolution by this Court are as follows:

1. Is the bill of particulars annexed to the statement of claim for mechanic's lien legally sufficient?

2. Is the entire storage shed or a part thereof used for public purposes, thus preventing imposition of a mechanic's lien?

3. Was the property upon which plaintiff seeks to impose a mechanic's lien sufficiently described in the statement of claim?

This Court will consider these issues in that order.

■ With regard to the first question, defendant complains that plaintiff should have furnished a bill of particulars showing the kind and amount of labor done and the materials which were supplied. It should thus be noted that Transit Freeze did not contract to pay for labor furnished separately, but for a lump sum encompassing both labor and materials. For that reason, it has long been the rule in Delaware that such a breakdown in costs is unnecessary. *France v. Woolston,* 4 Houst. 557, 9 Del. 557 (1873). The argument of defendant is thus without merit.

■ Turning to the next point, defendant argues that the property is not subject to a mechanic's lien because it is used wholly or in part for public purposes. We recognize that our laws do not permit execution upon public property "used for public purposes," such as a public waterworks, *Emory & Co. v. Com. of Laurel,* 3 Penn. 67, 55 A. 1118 (1900), or a public school building, *Oliphant v. Bd. of Education,* 2 W. W. Harr. 486, 126 A. 44 (1924). However, a portion of this particular property was leased to a private corporation doing business for profit and the remaining portion thereof was being operated by the defendant as a warehouse whereunder space was being leased to persons or private corporations for storage of personal property. Thus, it is difficult to appreciate how it could be said that the building, or any portion thereof, was being used for a "public purpose." Certainly the revenues therefrom inure to the benefit of the public, but that is clearly insufficient to bring this property within the exception. *McClelland v. Mayor & Council of Wilmington,* 159 A. 2d 596 (Del. Ch. 1960). For that reason the property leased to Transit Freeze is not public property being used for public pur-

poses. Nor could it be argued that the remaining portion of Shed A, upon which Transit Freeze maintains an option, is being used for a public purpose. The second argument of defendant is thus without merit.

Regarding defendant's third argument that the description of the property in the statement of claim is insufficient, the record shows that plaintiff attached a sketch of storage Shed A to the statement of claim, indicating the freezing and cooling rooms attached thereto. This is the same general layout map of the Marine Terminal used by the City in its lease to Transit Freeze. Such a description would appear to be adequate. The Superior Court of this State his previously ruled:

"That if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of all others, it will be sufficient." *Pittman-Berger Co. v. Parkinson*, 7 W. W. Harr. 105, 180 A. 645 (1935).

For the reasons assigned, the judgment of the Superior Court denying the exceptions of the City and granting plaintiff partial summary judgment is affirmed.