GILLESPIE, Chief Justice:
Hugh G. Ward and several other citizens filed suit in the Chancery Court of Hinds County, Mississippi, against the City of Jackson (City) and William K. Martin-son (Lessee) praying for a decree cancel-ling a lease on certain lands owned by the City wherein William K. Martinson is lessee, and enjoining the City from using said property for anything other than public purposes. The question is whether property, title to which was vested gratuitously in *911 the City with the restriction upon its use that it “shall be used for public purposes,” may be lawfully leased by the City to private individuals for private purposes without any showing that such lease is incidental to the use of the property for public purposes.
The City and lessee demurred and the trial court sustained the demurrer and dismissed the bill of complaint. The complainants appeal to this Court.
The essential averments of the bill of complaint, which the demurrer admitted, are as follows: On December 18, 1961, W. Parham Bridges, Sr., deeded the lands in question to the City.[1] After the death of W. Parham Bridges, Sr., suit was filed by his estate against the City of Jackson, but the averments of that suit were unknown since the pleadings were not attached to the bill of complaint in the present cause, although a consent decree is attached vesting certain property therein described in W. P. Bridges, Jr., executor of the estate of W. P. Bridges, Sr., and vesting title to certain parcels of land in the City of Jackson “in fee simple with no restriction upon its use by virtue of the deed of December 18, 1961, from W. Parham Bridges, or the last will and testament of W. Parham Bridges, deceased, or otherwise, except that the same shall be used for public purposes.”
After the entry of the aforementioned consent decree, the City leased the property to lessee for use in the private business of the lessee. It is charged in the bill that the rental provided for in the twenty-year lease was arbitrary and did not represent the true rental value of the property.
In Board of Mayor and Aldermen of Yazoo City v. Wilson, 232 Miss. 435, 99 So.2d 674 (1958), the Court held that a tract of land dedicated by the subdi-vider of property as a public park was subject to the law of trusts and the City could not alienate the property at will, even though the municipality itself is a beneficiary. Specifically, the Court held that the City could not close a street abutting said park and thus allow the property to be used as a part of the school facilities. The opinion in that case stated that the Legislature has no authority to authorize any diversion from the uses for which the land was originally dedicated. The Wilson case involved property dedicated for a specific public purpose whereas, insofar as the consent decree is concerned, the lands involved in the present suit are merely restricted to “use for public purposes.” But we are of the opinion that the reasoning in the Wilson case and the cases therein discussed apply with equal force to lands given to the City and restricted to “use for public purposes.” The City and the lessee rely upon Mississippi Code 1942 Annotated section 3374 — 112, providing that a municipality “which holds title to property which was not purchased with public funds and which is not used for governmental purposes, is hereby authorized to lease same at or for such consideration as the governing authorities may deem proper for a period or periods not to exceed seventy-five (75) years. . . .” We are of the opinion that this statute could be applied only to property acquired by the City without restrictions as to use, and that when such property is acquired with provisions that it be used only for public purposes that a public trust attaches thereto the same as if the property was restricted to a specific public purpose.
This is the general rule. Mayor and Council of Wilmington v. Recony Sales & Engineering Corp., 5 Storey 129, 55 Del. 129, 185 A.2d 68 (1962); State ex rel. City of Jefferson v. Smith, 348 Mo. 554, 154 S.W.2d 101 (1941); Smith v. Cameron, 106 Or. 1, 210 P.716 (1922).
*912 The City and lessee also rely upon several cases involving construction of the term “public use” in eminent domain cases where this Court upheld the right of governmental agencies to condemn real property for public use with the specific intention of leasing the property for private purposes. The City and lessee are relying upon the general rule that there are some instances where the full and complete enjoyment of property by the public requires that leases of certain portions of the property be made to private persons and that incidental private use of public property for the purposes of the public economy or for the full emjoyment of the public uses is therefore permissible. In Culley v. Pearl River Industrial Commission, 234 Miss. 788, 108 So.2d 390 (1959), the Court approved the creation of the Pearl River Valley Water Supply District which contemplated condemning property for public purposes with the right to make certain leases thereof to private individuals. However, that case was tried upon the merits and the Court found that the undisputed evidence showed that it was necessary for a public use for the District to control at least one-quarter mile of the perimeter area. In a later case involving the same project, Pearl River Valley Water Supply District v. Brown, 248 Miss. 4, 156 So.2d 572, 158 So.2d 694 (1963), the Court held that the private uses made of the property sought to be condemned for public uses were mere incidents to the primary and paramount public uses, but were nevertheless essential uses in connection with the primary public uses. And again in Horne v. Pearl River Valley Water Supply District, 249 Miss. 358, 162 So.2d 504 (1964), the Court found that the private uses were incidental to the paramount public uses. All of these cases were tried on the merits and involved proof that the private uses to be made of the land were incidental to and promoted the paramount public uses. There is nothing in the bill of complaint in the present case to suggest that the lease involved is incidental to or consistent with, or promotive of, any public use.
This case should be and it is reversed and remanded for further proceedings for the reasons already stated. It is interesting to note, as hereinbefore indicated, that the parties concede that this property was deeded to the City by W. Parham Bridges, Sr., in 1961, for specific public purposes although the deed is not of record. If this case is tried on the merits no doubt this deed would be brought to the attention of the Court. The question would then probably arise as to how the public trust for a specific public purpose could be removed by the agreement of the heirs and executor of the grantor and the City who held the lands in trust. It is conceded that the deed vesting title in the City in 1961 has never been set aside or cancelled.
Reversed and remanded.
JONES, BRADY, INZER and SUGG, JJ., concur.

. It was stated in the briefs and conceded by all parties in the argument that this deed restricted the use of the land to parks, playgrounds and library purposes with certain provisions for reverter. The parties stated in oral argument that this deed was in the record but it was not contained therein although reference to it was made in the exhibits.