Mrs. A.R. Hull and other resident taxpayers and landowners in Louisville sued the City to enjoin it from proceeding with the construction of a municipal building on property theretofore purchased by the City. After a full hearing, the trial court held that there had been a common-law dedication of the property as a public park and entered a decree enjoining the City from making any use of the property inconsistent with park purposes, specifically enjoining the erection of the proposed buildings.
On September 11, 1922, the City purchased near the center of the City of Louisville a tract of land measuring 307 feet on the north side, by 460 feet on the west side, by 304 feet on the east side. The deed to the City did not provide any restrictions on the use of the property. Two certificates of indebtedness issued by the City to the seller of this property about a year after the land was purchased stated that the certificates were issued "for the purchase of a public park." Shortly after the purchase of the tract, the City leased a lot in the southeast corner of the tract to the American Legion, and later, on May 18, 1925, sold the lot to the American Legion. This lot is presently owned by a bus *Page 179 
company and is used for a bus station. On this tract the City later erected a building which has been used exclusively by the Boy Scouts. A gravel road was built through the southwest part of the property. On or about 1933, a library was built on the western part of this tract of land, and that building is now being used as a Girl Scout center. A large lot in the northeast corner is now occupied by a new library building and asphalt parking lots. For many years there has been a community building southwest of the new library lot and is now leased to the Chamber of Commerce.
On the other hand, a part of the tract has been used since it was purchased as a children's playground on which has been kept and maintained swings, slides, and other playground equipment. A pavilion was erected many years ago and is still being maintained as a speaker's platform for public gatherings, band concerts, and other types of entertainment where the public has gathered from time to time for about fifty years. Part of the property has been used for political meetings, patriotic meetings and community meetings of various types. A building was erected many years ago and has been kept and maintained on the property as a community gathering place for groups such as bridge parties and other similar meetings. A barbeque pit was built and has been maintained for public barbeques. In 1924 the mayor and board of aldermen levied a one-half mill tax on the property in the City of Louisville for the purpose of "maintaining the park" and a one and one-half mill tax for "repairing buildings in the park." Similar levies were made in later years. In 1925 the City appointed a Park Commission to supervise, maintain and operate the city park, and this commission has been maintained during the intervening years.
Sometime before this suit was filed the mayor and board of aldermen announced their intention to build a city hall and fire station on the portion of the city property that fronts on South Church Street, and this lawsuit resulted.
The question is: Was the chancellor manifestly wrong in finding that there was a common-law implied dedication of the property as a public park? We hold he was and reverse the decree. The stated question has two points of inquiry: (1) In Mississippi, can there be an implied common-law dedication of property owned by a municipality? (2) If so, was the chancellor manifestly wrong in finding such an implied dedication in this case?
The question of an implied common-law dedication has not heretofore been considered by this Court. Express dedications of property for park purposes have been recognized and protected on the theory that the property becomes burdened with a trust. Ward v. City of Jackson, 266 So.2d 910 (Miss. 1972); Board of Mayor and Aldermen of Yazoo City v. Wilson, 232 Miss. 435, 99 So.2d 674
(1958).
There may be a dedication by implication of property owned by a municipality for some particular public use. Gewirtz v. City of Long Beach, 69 Misc.2d 763, 330 N.Y.S.2d 495 (Sup.Ct. 1972); City of Abbeville v. Jay, 205 Ga. 743, 55 S.E.2d 129 (1949); 23 Am.Jur.2d, Dedication § 15 (1965).
There was no express dedication by the City of the subject property as a park. An implied dedication results only from long use for a specific public purpose, the discontinuance of which would constitute a violation of good faith to the public and to those who have acquired private property with a view to the use contemplated by the dedication. 23 Am.Jur.2d, Dedication § 56 (1965). Under such circumstances the owner is estopped to use the property for a purpose inconsistent with the specific public use.
The proof necessary to constitute dedication must be clear, satisfactory and unequivocal both as to the intention of the dedicator and acceptance by the public. 23 *Page 180 
Am.Jur.2d, Dedication § 79 (1965); cf. Hainer v. Heidenreich,142 Miss. 65, 107 So. 196 (1925).
The City used parts of the tract of land for purposes inconsistent with park purposes from shortly after its purchase. It has leased parts of the property to private interests and sold one lot. Only a fraction of the original tract is now used and available for park purposes. The proof shows without dispute that the City has at all times used this tract of land as it saw fit. It is reasonable to imply that the City intended to use parts of the tract for park purposes only so long as it was not needed for other municipal purposes, or only so long as the land was suitable for park purposes. At any rate, such implication is as valid as one that the City intended to dedicate the tract as a park. Thus, proof of dedication is not clear, satisfactory and unequivocal.
The City is vested with general power to purchase property, sell and convey it, and "make such orders respecting the same as may be deemed conducive to the best interest of the municipality. . . ." Miss. Code Ann. § 21-17-1 (1972). Absent express dedication of city property for a park, and absent clear, satisfactory, and unequivocal proof that it intended to dedicate the subject property, or a specific part thereof, exclusively to park purposes, the courts should not interfere with the use the City deems for the best interest of the municipality.
For the reasons stated, the injunction is dissolved and judgment entered here dismissing the complaint.
Reversed and rendered.
PATTERSON, INZER, SMITH and SUGG, JJ., concur.