PETER JORDAN and another *vs.* BOARD OF EDUCATION OF TAYLOR's FALLS.

October 16, 1888.

Mechanic's Lien—Public School-House.—A public school-house is not subject to a mechanic's lien under chapter 170, Laws 1887.

Appeal by plaintiffs from an order of the district court for Chisago county, *Crosby,* J., presiding, sustaining a demurrer to the complaint. The action was brought to establish and enforce a lien for materials furnished for and used in the construction of a school-house.

*H. N. Setzer,* for appellants.

*Ueland, Shores & Holt,* for respondent.

MITCHELL, J. The only question here is whether under chapter 170, Laws 1887, a public school-house is subject to a lien for work done or materials furnished towards its erection. While in some states it is held that what may be called the private property of municipal corporations—that is, such as they own for profit, and not for a public use—may be sold on execution, yet the universal rule is that, in the absence of express statutory authority, the property of such corporations, held for and devoted to a public use, is not liable to execution on a general judgment. This rule is founded upon considerations of public policy, obvious from the very nature of such corporations and the purposes for which they are created. They are mere agencies of the state, brought into being in aid of the civil government of the state in the administration of the local affairs of the districts incorporated. The power to sell, on execution, their property held and used for public purposes, such as court-houses, jails, poor-houses, hospitals, school-houses, and the like, would be fraught with great public evils, and subversive of the very purposes for which such corporations were created. Therefore, for the enforcement of judgments against municipal corporations, the courts have allowed another writ, *mandamus,* to compel payment, or the levy of a tax for that purpose. This secures the fruits of the judgment, and leaves the public property intact, for the use to which it is devoted. 2 Dill. Mun. Corp. § 576; Freem. Ex'ns, §§ 22, 126; Herm. Ex'ns, § 364. For the same reasons, and upon the same considerations of public policy, property which is exempt from execution on a general judgment against municipal corporations, is also exempt from the operation of a mechanic's lien law, unless it expressly appears by the law that such property was intended to be included; and to warrant this inference something more must appear than a general provision that the claim is to be a lien upon a particular class of property. Unless the state of Kansas be an exception, (see *Wilson* v. *School-Dist.,* 17 Kan. 104,) this principle of construction is, so far as we can ascertain, universal. The authorities are numerous, and will be found cited in any text-book on the subject. See Phil. Mech. Liens, § 179; 2 Jones, Liens, § 1375; Overt. Liens, § 543; Kneel. Mech. Liens, § 84.

While enough can be gathered from the crude and obscure provisions of this statute to indicate that it was designed to be, in many respects, a radical and drastic measure, yet there is nothing in its language expressive of a legislative intent to repudiate or repeal a doctrine founded upon such a satisfactory basis of public policy. In view of the principle governing the construction of such statutes already referred to, which had been so universally adopted, it is to be presumed that if the legislature had intended to change the law in that respect, they would have so declared in express terms.

It is contended, however, that this rule of construction, as applied to lien laws, is predicated upon, and follows as a consequence from, the doctrine that such property is exempt from execution upon a general judgment; and hence is, in this state, inapplicable to school-districts, whose property may, in a certain contingency, be sold on execution. Gen. St. 1878, c. 36, §§ 119-122. If a public school-house could be sold under a general judgment, the same as the property of a natural person or a private corporation, there would probably be no good reason why it should not be held subject to the operation of a mechanic's lien law, at least in favor of the creditors of the district. But it will be observed that it is only upon a remote and improbable contingency that any execution can be issued against a school-district. It is only after a specific tax has been levied for the payment of the judgment, and the time for the collection of the tax, and for paying over the money by the county treasurer, has expired, and the district still fails to pay the judgment. Ample opportunity is thus given to raise funds with which to pay the judgment, without endangering school property. But under this lien law the court rendering the judgment is required immediately to order the sheriff to sell the property on three weeks' notice. Under such procedure, a school-house might be sold for a small part of its value, and be irretrievably lost, before any funds could be raised by taxation with which to pay the judgment or redeem the property. It may also be suggested that, if such property is subject to the provisions of this statute, it would be so, not merely in favor of creditors of the school-district, but also in favor of laborers and material-men to whom the district owed nothing, and with

whom it had no contract relations. It would require more than is found in this statute to justify us in holding that the legislature intended to make so radical a change in the law as to subject the public property of these governmental agencies to liens in favor of laborers or material-men.

Order affirmed.