BURLINGTON MANUFACTURING COMPANY v. BOARD OF COURT-
HOUSE & CITY HALL COMMISSIONERS.[1]

February 1, 1897.

Nos. 10,343—(254).

**Public Building—Mechanic's Lien.**

    *Held,* a subcontractor who furnished material for the erection of the build-
ing known as the "New Courthouse and City Hall," being erected for Hen-
nepin county and the city of Minneapolis, cannot acquire a mechanic's lien
on the building, or the land on which it is being erected.

**Same—Judicial Notice.**

    *Held,* this court will take judicial notice of the acts of the legislature pro-
viding for the erection of said building.

**Same—Constitution.**

    *Held,* the last proviso of section 12 of article 1 of the constitution, as
amended in 1888, does not give any lien on such a building, or any right
of seizure and sale of the same, for material so furnished.

Appeal by plaintiff from an order of the district court for Henne-
pin county, Smith, J., sustaining a demurrer to the complaint. Af-
firmed.

*Geo. Burt Spencer,* for appellant.
*Daniel Fish,* for respondent.

CANTY, J.   1. Appellant is a subcontractor who furnished mate-
rial for the erection of the new courthouse and city hall building
in Minneapolis, and brought this action to enforce an alleged me-
chanic's lien against the building for the value of said material.
The court below sustained a demurrer to the complaint on the
ground that the complaint does not state facts sufficient to constitute
a cause of action.

We are of the opinion that the demurrer was properly sustained.
That a mechanic's lien cannot be acquired against such a public
building is fully settled by the case of Jordan v. Board, 39 Minn. 298,
39 N. W. 801.   While the title to the property is in the board of
courthouse and city hall commissioners, this board is a mere trustee,

[1] Reported in 69 N. W. 1091.

having no proprietary interest in the property, all of the equitable or beneficial interest being in the county of Hennepin and city of Minneapolis.

2. Appellant contends that we cannot take judicial notice of these facts, and that, for all that appears in the complaint, this property may be the private property of the board.　The complaint alleges:

"That the said defendant, the board of courthouse and city hall commissioners, is a corporation existing by virtue of an act of the legislature of the state of Minnesota approved March 2, 1887,[2] and entitled 'An act to designate a site for a public building in the city of Minneapolis, to be used as a courthouse for Hennepin county and a city hall for said city, and to create a board of commissioners to purchase or condemn said site and to construct a suitable building thereon, and to authorize said board to issue and sell bonds to pay for said site and said building.'"

It further alleges that this board is the owner in fee simple of lots 1 to 10 in block 77 in the town (now city) of Minneapolis, and were erecting thereon a building "known as the 'New Courthouse and City Hall.'"　The courts must take judicial notice of the above-entitled act, even if it had not been pleaded by its title.　This very block 77 is the land designated in the act which the board should take for a courthouse and city hall building; and, besides, the building by the board of some private or other different building would be ultra vires its powers as a board.

3. Section 12 of article 1 of the constitution, as amended in 1888, provides:

"* * * A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability.　The amount of such exemption shall be determined by law.　Provided, however, that all property so exempted shall be liable to seizure and sale for any debts incurred to any person for work done or materials furnished in the construction, repair or improvement of the same: and provided further, that such liability to seizure and sale shall also extend to all real property for any debt incurred to any laborer or servant for labor or service performed."

Appellant contends that the last proviso gives it a right to proceed against public property as well as private property for the satisfaction of its claim.　Whether this last proviso covers public property

---

[2] Sp. Laws 1887, c. 395.

such as this, it is not necessary to consider. It is clear that it gives a right of seizure and sale only for "a debt incurred by any laborer or servant for labor and services performed." Appellant's claim is not for labor and services performed by a laborer or servant, but for materials sold and delivered.

Order affirmed.