GME CONSULTANTS, INC., et al., Appellants,

v.

OAK GROVE DEVELOPMENT, INC., et al., Defendants,

Independent School District No. 200, Respondent.

No. C5–93–2004.

Court of Appeals of Minnesota.

April 19, 1994.

Sholly A. Blustin, Catherine M. Klimek, Mansfield & Tanick, P.A., Minneapolis, for appellant.

Joan M. Fluegel, Fluegel Moynihan & Miles, P.A., Hastings, for respondent.

Considered and decided by KLAPHAKE, P.J., and KALITOWSKI and FOLEY,* JJ.

## OPINION

KLAPHAKE, Judge.

GME Consultants, Inc. and CCST, Inc. challenge the exemption of Independent School District No. 200 from Minnesota's mechanics' lien statute, Minn.Stat. § 514.01 (1992). We affirm.

### FACTS

Respondent Independent School District No. 200 owned a parcel of undeveloped real property in Hastings, Minnesota. It leased the property to a farmer. On April 17, 1991, the school district entered into a contingent purchase agreement for the sale of approximately 20 acres of that property to a commercial developer, respondent Oak Grove Enterprises, Inc. (Oak Grove). The written purchase agreement contained only an approximate property description subject to the Board of Education's determination of its specific land needs for school purposes.

The agreement contained contingencies regarding engineering tests to be obtained and paid for by Oak Grove. Oak Grove hired appellants GME Consultants and CCST, Inc.,

two engineering firms, to perform the engineering services.[1] Appellants performed, but Oak Grove defaulted on the agreement with the school district and failed to pay appellants for their services. Appellants filed mechanics' liens against the school district's property and eventually filed this action to enforce the liens. The district court granted summary judgment for the school district, applying the common law public property exemption to Minnesota's mechanics' lien law.

### ISSUE

Is the school district's property exempt from Minnesota's mechanics' lien statute, Minn.Stat. § 514.01 (1992)?

### ANALYSIS

On this appeal from summary judgment, the parties do not dispute the material facts. Appellants contend that the district court incorrectly applied the public property exemption to the land in question. Therefore, we must determine whether the district court correctly applied the law. *See Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989). In so doing, we are not bound by and need not give deference to the district court's determination of the purely legal question. *See Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

Minnesota's mechanics' lien statute does not contain a statutory exemption for a school district's property. *See* Minn.Stat. § 514.01 (1992). A common law public property exemption, however, was well-established as early as 1888. In that year, the Minnesota Supreme Court first addressed the issue in *Jordan v. Board of Educ. of Taylor's Falls*, 39 Minn. 298, 39 N.W. 801 (1888). The court applied the then nearly universal rule that public property held for and devoted to a public use is exempt from mechanics' lien laws. *Id.* at 299, 39 N.W. at 802. *See generally* 10 Eugene McQuillan,

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1. Oak Grove obtained the services neither at the request nor for the benefit of the school district.

The record does not reflect that the school district received the product of those services or benefitted from them.

*The Law of Municipal Corporations,* § 28.58 at 238 (3d ed. 1990). The *Jordan* court held that a public schoolhouse was not subject to a lien under a predecessor mechanics' lien statute. *Id.*

The issue arose again in two later cases. In *Burlington Mfg. Co. v. Board of Courthouse & City Hall Comm'rs,* 67 Minn. 327, 69 N.W. 1091 (1897), the court held that a subcontractor who furnished materials for building a new courthouse and city hall could not enforce a mechanics' lien on the property. Six years later, the court applied the same rule to invalidate a lien filed against logs owned by the United States government in *Rowley v. Conklin,* 89 Minn. 172, 175, 94 N.W. 548, 549 (1903).

■ With this backdrop of Minnesota precedent, appellants urge this court "to bring the mechanics' lien laws of the State of Minnesota into the 21st Century" and to enforce their liens against the school district. It is this court's responsibility to decide this case in a manner consistent with existing law. *State v. Hannuksela,* 452 N.W.2d 668, 673 n. 7 (Minn.1990). Although *stare decisis* is not an inflexible rule of law, departure from precedent is rare, especially in the field of property law "where rights may have become vested in reliance upon the decisions of this court." *Johnson v. Chicago, Burlington & Quincy RR,* 243 Minn. 58, 68, 66 N.W.2d 763, 770 (1954). On the other hand, where societal conditions or other reasons for a common law rule cease to exist, blind obedience to the past is not required. *Id.* at 69, 66 N.W.2d at 771.

Minnesota case law exempting public property from mechanics' liens, albeit dated, however, remains solidly rooted in public policy. First, public property is owned by municipal corporations, school districts, and other quasi-municipal corporations which are expressly created to administer the local affairs of the state government. *See Jordan,* 39 Minn. at 299, 39 N.W. at 801. They are public entities created for public purposes. School districts in particular "are arms of the state and are given corporate powers solely for the exercise of public functions for educational purposes." *Village of Blaine v. Independent Sch. Dist. No. 12, Anoka County,* 272 Minn. 343, 351, 138 N.W.2d 32, 38 (1965). The school board has the broad "general charge of the business of the district, the school houses, and of the interests of the schools thereof." Minn.Stat. § 123.35, subd. 1 (1992). The policy exempting public property from mechanics' liens is therefore aimed at protecting all who benefit from the services local government provides, i.e., the general public.

Appellants argue that the school district's undeveloped land lost its public character when it was leased to a farmer for profit or, alternatively, when the purchase agreement to sell it to Oak Grove was executed. The school district originally purchased the property for school purposes. In our view, the execution of neither the farm lease nor the purchase agreement to Oak Grove marks a break from the school district's original intention. First, the rental was a reasonable use of the land and was not inconsistent with the objective of retaining the property for school purposes. Second, at the time it entered into the purchase agreement, the school district had not finally determined its school needs. In fact, it expressly reserved the right to change the legal description of the property sold pending this determination. Nor does the purchase agreement indicate any intention that the school district planned any non-public use of the property.

Moreover, subjecting the undeveloped property to mechanics' liens either during the farm lease or pending the contingent sale would defeat the public policy behind the exemption.[2] A school district needs undevel-

---

2. We note that this is not the case of a school district or municipality entering into a business venture. Appellants cite numerous cases from foreign jurisdictions holding that the public property exemption does not apply in such a case. These cases are clearly distinguishable from the case at bar. *See, e.g., Mayor & Council of Wilmington v. Recony Sales & Eng'g Corp.,* 185 A.2d 68 (Del.1962) (property owned by city in part leased to a private corporation and in part operated by mayor and city council as storage for private lessees); *City of Evansville v. Verplank Concrete & Supply,* 400 N.E.2d 812 (Ind.Ct.App. 1980) (government and private business entered into joint venture); *American Seating Co. v. City of Philadelphia,* 434 Pa. 370, 256 A.2d 599 (1969)

oped land to plan and provide for its future needs. Subjecting such lands to mechanics' liens while the school district plans the construction of a new school or while it arranges the sale of extraneous land, would penalize a school board for planning. It would strip the school board of needed flexibility. Construing such legitimate public activity as a nonpublic use would not serve the public good. *Cf. R.E. Short Co. v. City of Minneapolis,* 269 N.W.2d 331, 337 (Minn.1978) (in determining whether particular expenditure serves public purpose, " 'public purpose' should be broadly construed to comport with the changing conditions of modern life").

## DECISION

Undeveloped land purchased for future school district needs is exempt from Minnesota's mechanics' lien law. Leasing such land to a farmer pending a final decision on school needs was a legitimate use and did not change its public character. Similarly, a contingent sale of a portion of such land did not change the use of the land to a non-public use. Therefore, the district court correctly applied the public property exemption to the school district's land.

**Affirmed.**

(property and building owned by municipality but operated by private tenant).