COMSTOCK & DAVIS, INC., Appellant,

v.

The CITY OF EDEN PRAIRIE, Respondent,

Centrum Design–Build Corporation, a/k/a Centrum Design Building Corporation; et al., Defendants.

No. C9–96–1744.

Court of Appeals of Minnesota.

Jan. 7, 1997.

Review Denied March 18, 1997.

William D. Hull, Coleman, Hull & van Vliet, PLLP, Minneapolis, for appellant.

Richard F. Rosow, Todd A. Sattler, Lang, Pauly, Gregerson & Rosow, Ltd., Minneapolis, for respondent.

Considered and decided by DAVIES, P.J., and RANDALL and SHORT, JJ.

## OPINION

SHORT, Judge.

On appeal from a grant of summary judgment, Comstock and Davis, Inc., argues the trial court erred in concluding its mechanic's lien did not attach to property held by Eden Prairie for economic development.

### FACTS

In 1993, the City of Eden Prairie (city) purchased unimproved land on which to develop the Eden Prairie Marketcenter. That project was part of a larger economic development plan, initiated by the city council to create employment opportunities, improve living standards, and increase the tax base of Eden Prairie through commercial development and the construction of bike trails and sidewalk plazas, as well as facilities for farmers' markets and town festivals.

Upon acquiring the Marketcenter property, Eden Prairie contracted to sell individual lots to business enterprises, including Centrum Design–Build Corporation (developer). The purchase agreement between the developer and the city restricted the use of the property to retail stores and food shops, and was contingent upon the developer's obtaining commitments from Uno Restaurants, Inc., and Leeann Chin, Inc., to open restaurants on the site.

Under the agreement, the developer was required to submit to the city a "concept plan," for which the developer contracted with Comstock & Davis, Inc. (engineers), to provide surveying and engineering services. The engineers performed the work from May 4 to November 29, 1994, producing a replatting proposal for the property. The purchase agreement provided the developer would indemnify and hold Eden Prairie harmless from mechanics' liens connected with the furnishing of services or material to the property.

Ultimately, the developer was unable to obtain financing for the project, failed to close the sale with Eden Prairie, and breached its agreement with the engineers. In March 1995, the engineers initiated a mechanic's lien foreclosure and breach of contract action against the developer and city, alleging a lien in the amount of $35,414.95 for engineering and surveying services performed on the property. The engineers obtained a judgment against the developer for

breach of contract, but could not collect on the award as a result of the developer's bankruptcy and the death of its principal. The trial court granted summary judgment for the city, finding the Marketcenter was public property exempt from application of the mechanic's lien laws.

## ISSUE

Did the trial court err in concluding the property was exempt from attachment of a mechanic's lien?

## ANALYSIS

■ Because the parties agree on the relevant facts, the only issue before us is whether the trial court erred in its application of the law. *Reads Landing Campers Ass'n v. Township of Pepin*, 546 N.W.2d 10, 13 (Minn. 1996); *see Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988) (determining whether trial court erred in applying law and whether issue of fact exists on review of summary judgment). We do not defer to the trial court's analysis of purely legal issues. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

■ The mechanic's lien statute protects engineers and surveyors who furnish services with respect to real property by granting them a lien on the property for the value of their services. Minn.Stat. §§ 514.01, 514.03 (1996). Although Minn.Stat. § 514.01 contains no exceptions on its face, Minnesota courts have long exempted "property held and used for public purposes" from application of the statute. *See Jordan v. Board of Educ.*, 39 Minn. 298, 299, 39 N.W. 801, 801–02 (1888) (holding public schoolhouse not subject to mechanic's lien); *see generally* H.P.F., Annotation, *How Far is Public Property Subject to Mechanics' Liens*, 26 A.L.R. 326, 327 (1923) (recognizing marked unanimity among jurisdictions that mechanics' liens will not operate against property belonging to public and necessary for public purposes).

This common-law exemption from the attachment of mechanics' liens finds its basis in the public policy of protecting those who benefit from public services. *See Jordan*, 39

Minn. at 299, 39 N.W. at 801 (noting exemption allows public property to be left intact, for use to which it is devoted); *GME Consultants v. Oak Grove Dev.*, 515 N.W.2d 74, 76 (Minn.App.1994) (recognizing object of exemption is to preserve local government services); *see also Union Reddi–Mix v. Specialty Concrete Contractor*, 476 S.W.2d 160, 161 (Mo.Ct.App.1972) (stating enforcement of lien against city waterworks would jeopardize citizens' health and welfare). To allow a private citizen to force a sale of property devoted to a public use would impermissibly hamper municipalities' ability to administer the local affairs of state government. *See Jordan*, 39 Minn. at 299, 39 N.W. at 801 (concluding power to sell such property would be "fraught with great public evils").

■ The courts of this state have applied the public use exemption only to quintessentially public facilities. *See Burlington Mfg. v. Board of Courthouse & City Hall Comm'rs*, 67 Minn. 327, 327, 69 N.W. 1091, 1091 (1897) (exempting city hall and courthouse); *Jordan*, 39 Minn. at 299, 39 N.W. at 801–02 (holding schoolhouse exempt from mechanic's lien laws, and suggesting jails, poor-houses, hospitals, and the like would also be exempt); *see also Rowley v. Conklin*, 89 Minn. 172, 175, 94 N.W. 548, 549 (1903) (concluding logs federal government intended to sell for benefit of Native Americans were not subject to lien); *see generally* Jack W. Shaw Jr., Annotation, *Municipal Property as Subject to Mechanic's Liens*, 51 A.L.R.3d 657, 667–68 (1973) (noting foreign jurisdictions have exempted public library, municipal waterworks, sewer system, pumping station and electric lighting plant from mechanics' liens); 10 Eugene McQuillin, *The Law of Municipal Corporations* § 28.58 (3d ed. 1990) (recognizing courts have applied exemption to bridges, public museums and parks).

■ Most recently, this court held a mechanic's lien could not attach to unimproved property owned by a public school district, where the district planned to use the property for construction of a school building in the future. *See GME Consultants*, 515 N.W.2d at 76–77 (noting land did not lose public character when district leased to farmer or

contracted to sell portion of undivided lot, because district always intended to build school on land). This case requires us to decide whether unimproved property, held by a municipality for the purpose of economic development, is also exempt from the mechanic's lien laws.

The purchase agreement between Eden Prairie and the developer manifested a final decision by the city that it would not use the land for public parks or facilities, but would sell it to private developers. *Cf. GME Consultants,* 515 N.W.2d at 76 (noting school district's contract for sale of portion of land expressly reserved right to modify agreement pending determination of school needs). In requiring covenants that the developer would use the property only for commercial establishments, the agreement evinces the parties' intention that the property be devoted exclusively to private uses.

█ Furthermore, the public policy behind the exemption from mechanics' liens does not support its application in this case. Permitting the engineers' lien to attach to the property would have no effect on Eden Prairie's ability to administer municipal governmental affairs. In addition, no public services would be disrupted by a forced judicial sale of the property. *Cf. American Seating v. City of Phila.,* 434 Pa. 370, 256 A.2d 599, 601 (1969) (noting foreclosure of public sports arena would not hinder essential public services or functions). The fact the public will derive some benefit from the use of the property does not, alone, render the property exempt from liens. *See Mayor & Council of Wilmington v. Recony Sales & Eng'g,* 55 Del. 129, 185 A.2d 68, 70 (1962) (concluding public's benefit from rental revenues was insufficient to bring municipal warehouse within exception).

█ The city argues Minn.Stat. § 469.124 (1996) compels the conclusion the Marketcenter development project is of a public nature. Although section 469.124 contains a legislative declaration that municipal economic development programs are for a "public purpose," the "public purpose" doctrine only governs the expenditure of public funds and the exercise of eminent domain,

and is distinct from the "public use" requirement of the mechanic's lien exemption. *See City of Minneapolis v. Wurtele,* 291 N.W.2d 386, 390 (Minn.1980) (noting private property can be taken by public body only for public purpose); *R.E. Short Co. v. City of Minneapolis,* 269 N.W.2d 331, 336 (Minn.1978) (recognizing municipalities may expend public funds only in furtherance of public purpose); *cf. City of Evansville v. Verplank Concrete & Supply,* 400 N.E.2d 812, 816–18 (Ind.Ct.App.1980) (holding financing of municipal parking garage was for public purpose, but garage itself was not for a public use). When a city purports to act pursuant to a public purpose, the scope of judicial review of the action is, necessarily, very narrow. *See Wurtele,* 291 N.W.2d at 390 (according great deference to legislative decision that public purpose is served by exercise of eminent domain); *R.E. Short,* 269 N.W.2d at 337–38 (limiting scope of review to whether government acted arbitrarily, capriciously, or unreasonably in deciding expenditure would serve public purpose). However, in this case, we do not attempt to determine the propriety of Eden Prairie's action in undertaking the Marketcenter project. We simply hold that the city's property, which it held for a nonpublic use, is not exempt from the attachment of the engineers' lien.

## DECISION

The Marketcenter property, held by Eden Prairie for the purpose of economic development, is not exempt from the mechanic's lien laws under the common-law public use exemption. Therefore, the trial court erred in finding the engineers' lien did not attach to the property. We reverse the trial court's grant of summary judgment for the city, and remand for determination on the merits.

**Reversed and remanded.**