*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0695**

State of Minnesota,
Respondent,

vs.

Richard Handsome Carter,
Appellant.

**Filed March 9, 2015
Affirmed
Toussaint, Judge***

Ramsey County District Court
File No. 62-CR-13-6406

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Suzanne M. Senecal-Hill, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Rodenberg, Presiding Judge; Chutich, Judge; and

Toussaint, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**TOUSSAINT**, Judge

Appellant challenges his conviction of felony domestic assault, arguing that the district court committed reversible error by admitting unobjected-to hearsay evidence of the complainant's prior inconsistent statement to police. He also argues that the prosecutor committed misconduct by referring to that statement at trial and that the district court erred by requiring him to register as a predatory offender because he was acquitted of false imprisonment, the charged enumerated predatory offense. We affirm.

**DECISION**

**I.**

After police responded to a 911 call of a domestic disturbance involving appellant Richard Handsome Carter and his girlfriend, J.A.A., the state charged appellant with felony domestic assault and false imprisonment. Before appellant's jury trial, J.A.A. notified the prosecutor that she had spoken to an attorney and intended to "plead the Fifth" when called to testify. After the prosecutor told the district court that J.A.A. was not anticipated to be a friendly witness to the state, the district court granted her use immunity for her testimony.

At trial, a responding St. Paul police officer testified that, at the scene, she interviewed J.A.A., who appeared hysterical and crying, and that J.A.A. told her, "I'm scared [appellant is] going to kill me." According to the officer, J.A.A. stated that appellant was arguing with her and trying to grab her in the apartment hallway, but people appeared in the hallway, so he pulled her back into the apartment and threatened

2

her with a weightlifting plate held above his head. But when J.A.A. testified, she denied that appellant had placed his hands on her in an offensive manner and did not recall telling police that he had threatened her.

Appellant argues that the district court committed plain error by admitting J.A.A.'s prior inconsistent hearsay statement to police through the officer's testimony as substantive evidence. Generally, failure to object to the admission of evidence at trial constitutes a waiver of the right to appeal on that basis. *State v. Tscheu*, 758 N.W.2d 849, 863 (Minn. 2008). "[H]earsay admitted into evidence without, or over, objection, becomes substantive evidence in a trial." *State v. Jackson*, 655 N.W.2d 828, 833 (Minn. App. 2003) (explaining that when otherwise-inadmissible evidence is admitted without objection, it must be given probative force because the plaintiff is limited on appeal to objections raised at trial), *review denied* (Minn. Apr. 15, 2003). We may, however, review unobjected-to error in admitting out-of-court hearsay statements by applying the plain-error standard, which requires a showing that an error occurred, that the error was plain, and that it affected the defendant's substantial rights. *State v. Manthey*, 711 N.W.2d 498, 504 (Minn. 2006).

A prior inconsistent statement is not hearsay if it was made under oath at a proceeding where the declarant testified and was subject to cross-examination. *State v. Thames*, 599 N.W.2d 122, 125 (Minn. 1999); Minn. R. Evid. 801(d)(1)(A). Even if the statement was not given under oath, it may be still admitted as impeachment evidence. *Id*.; *see* Minn. R. Evid. 607 (stating that "[t]he credibility of a witness may be attacked by any party, including the party calling the witness"). But the state "may not misuse Rule

3

607 to expose the jury to hearsay under the guise of impeachment when the sole purpose in calling the witness is to introduce the witness' prior statement." *Thames*, 599 N.W.2d at 125; *State v. Dexter*, 269 N.W.2d 721, 721 (Minn. 1978). Nonetheless, if the statement is otherwise admissible as nonhearsay or an exception to the hearsay rule, it does not create a "*Dexter* problem." *Oliver v. State*, 502 N.W.2d 775, 778 (Minn. 1993).

Appellant maintains that, because the state and the district court knew that J.A.A. would not testify favorably to the state, her prior hearsay statement was improperly admitted, not just for impeachment purposes, but as substantive evidence of appellant's guilt. We agree with appellant that J.A.A.'s statement to police does not qualify as nonhearsay under Minn. R. Evid. 801(d)(1)(A) because it was not given under oath subject to penalty of perjury, and it was not given at a trial, hearing, deposition, or other proceeding. *See* Minn. R. Evid. 801(d)(1)(A) (stating requirements for admissibility of nonhearsay under that rule). But we conclude that the prior inconsistent statement was nonetheless admissible under the excited-utterance exception to the hearsay rule, Minn. R. Evid. 803(2). That rule provides that a statement is not excluded as hearsay if it "relat[es] to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Minn. R. Evid. 803(2). *See, e.g., State v. Edwards*, 485 N.W.2d 911, 912-14 (Minn. 1992) (holding that a child's statements made to a police officer about five minutes after alleged sexual assault were admissible as excited utterances). "The rationale [for the excited utterance exception] stems from the belief that the excitement caused by the event eliminates the possibility of conscious fabrication, and insures the trustworthiness of the statement." *State v. Daniels*, 380

N.W.2d 777, 782 (Minn. 1986). Although "no strict temporal guidelines" exist for admitting an excited utterance, its admission is generally allowed on a determination that the declarant was under the "aura of excitement" resulting from the condition or event. *State v. Martin*, 614 N.W.2d 214, 223-24 (Minn. 2000) (quotations omitted); *see, e.g., State v. Bauer*, 598 N.W.2d 352, 366 (Minn. 1999) (holding that a statement fell within the excited-utterance exception when a witness testified that the declarant was "very upset," "extremely agitated," and "very afraid").

Here, the officer spoke to J.A.A. within a few minutes after police responded to the 911 call. The officer testified that J.A.A. was hysterical and crying through their entire fifteen-minute conversation, stating that she was afraid that appellant would kill her. Thus, J.A.A.'s statement to police related to a startling event, appellant's threats, and it was made while she was under the stress of excitement caused by that event. *See* Minn. R. Evid. 803(2). Therefore, her prior inconsistent statement met the criteria for an excited-utterance exception to the hearsay rule under Minn. R. Evid. 803(2), and its admission as substantive evidence did not constitute plain error. *See State v. Reed*, 737 N.W.2d 572, 583 (Minn. 2007) (stating that an error is plain if it "contravenes case law, a rule, or a standard of conduct"). Because we have concluded that no plain error occurred, we need not address appellant's alternative argument that the statement did not qualify for admission under the residual exception to the hearsay rule, Minn. R. Evid. 807, or the state's argument that the statement was also admissible as a description of J.A.A.'s then-existing state of mind under Minn. R. Evid. 803(3).

We further note that, in any event, appellant has failed to establish the third element of the plain-error test: that any error in admitting the statement affected his substantial rights. *See State v. Young*, 710 N.W.2d 272, 280 (Minn. 2006) (stating that an error affects substantial rights if there is a reasonable likelihood that it had a significant effect on the jury's verdict). Appellant was convicted after two witnesses testified that they saw him hit J.A.A. in the apartment hallway and drag her back into the apartment. And the jury had the opportunity to hear appellant's version of events when he testified in his own defense, denying that he assaulted J.A.A. Under these circumstances, we cannot conclude that a reasonable likelihood exists that the admission of J.A.A.'s statement to police had a significant effect on the jury's verdict. *See id*.

Appellant also argues that the prosecutor committed misconduct by misusing the statement as substantive evidence in questioning the officer and at closing argument. We consider a claim of unobjected-to prosecutorial misconduct under a modified plain-error standard. *State v. Radke*, 821 N.W.2d 316, 329 (Minn. 2012). Under that standard, appellant must first demonstrate that an error occurred and that the error was plain. *Id*. The burden then shifts to the state to show that the error did not prejudice appellant's substantial rights. *Id*. If the state fails to meet that burden, this court considers whether the error seriously affected the integrity and fairness of the judicial proceedings. *Id*. Because we have concluded that appellant cannot establish that admission of the statement constituted plain error, we reject appellant's claim that the prosecutor's use of the statement amounted to misconduct. *See id*.

Finally, appellant argues that he is not "a person required to register" as a predatory offender because he was acquitted of false imprisonment, the only enumerated predatory offense with which he was charged. By statute, a person "shall register" as a predatory offender if that person "was charged with . . . a violation of or attempt to violate, or aiding, abetting, or conspiracy to commit" one of certain enumerated offenses, "and convicted of or adjudicated delinquent for that offense or another offense arising out of the same set of circumstances." Minn. Stat. § 243.166, subd. 1b(a)(1) (2012). False imprisonment is listed as an enumerated offense. *See id.*, subd. 1(b)(2). Appellant maintains that because he was not found guilty of the enumerated false-imprisonment offense, he was not a "true" predatory offender and should not be required to register. This court reviews interpretation of statutes de novo. *Boutin v. LaFleur*, 591 N.W.2d 711, 714 (Minn. 1999).

The Minnesota Supreme Court has held that while an offender need not be convicted in order to trigger the registration requirements, the charged predatory offense must be supported by probable cause. *State v. Lopez*, 778 N.W.2d 700, 703 (Minn. 2010). In *State v. Haukos*, we reviewed the use of acquitted charges in requiring an offender to register and clarified that "it is the judiciary's determination of probable cause, not the prosecutor's bringing of a charge, that triggers the statutory basis for sex-offender registration." 847 N.W.2d 270, 272-73 (Minn. App. 2014). We reiterated that "a qualifying charge may trigger the registration requirement . . . only if it is supported by probable cause." *Id.* at 274.

7

Appellant has not challenged the district court's finding of probable cause for the false-imprisonment charge. But he argues that it is "illogical" to rely on a finding of probable cause to support an enumerated offense as a basis for registration when a person is later acquitted of that offense. The argument, however, is inconsistent with *Lopez* and *Haukos*. "The doctrine of stare decisis directs that we adhere to former decisions in order that there might be stability in the law." *State v. DeShay*, 645 N.W.2d 185, 189 (Minn. App. 2002) (quotation omitted), *aff'd*, 669 N.W.2d 878 (Minn. 2003). "Although stare decisis is not an inflexible rule of law, departure from precedent is rare," unless societal conditions or other reasons for a common-law rule cease to exist. *GME Consultants, Inc. v. Oak Grove Dev., Inc.*, 515 N.W.2d 74, 76 (Minn. App. 1994). We decline to revisit this issue, and we conclude that the district court did not err by requiring appellant to register as a predatory offender.

**Affirmed.**